CLIFFORD BAILEY, T. J. HENDRICKSON AND R. B. EASLEY V. THE TERRITORY OF OKLAHOMA, THOMAS A. COOK AND W. M. MONNOHON.

(Filed January 11, 1905.)

CRIMINAL PROCEDURE—Misdemeanor. Section 45, of chapter 41, Laws of 1895, entitled "Criminal Procedure," applies to all misdemeanor cases, and is not confined to that particular class of misdemeanors of which a justice court has exclusive jurisdiction.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before William P. Harper, Trial Judge.*

*Fred S. Caldwell* and *James L. Brown,* for plaintiffs in error.

No appearance for defendants in error.

STATEMENT OF FACTS.

This is an action brought in the probate court of Oklahoma county on information filed in said court on the affidavit of Clifford Bailey, charging the defendants with the crime of carrying on and conducting games of gambling, in

Oklahoma county, in the Territory of Oklahoma, on the 22nd day of December, 1903. That they did unlawfully, intentionally, and wrongfully, in a certain building then and there under their control, to-wit: A building being and situate on lot 35, block 23, Oklahoma City, which said building is by the streets and numbers of said Oklahoma City known as No. 13, North Broadway, and which said place is commonly known as the "Turf Exchange" carry on and conduct games of faro, craps, roulette and poker, and other banking and percentage games to the informant herein unknown, played with dice, cards and other devices, for money, checks and credits, said checks and credits being representative of value, and said games and devices being gambling games and devices, at which games divers persons, to the informant herein unknown, then and there did play, and at which games money was then and there bet, won and lost, contrary to the form of the statute. * * *

This information was sworn to by the said Clifford Bailey on the 24th day of December, 1903, and at the same time a bond for costs was filed in said court, signed by Clifford Bailey as principal, and T. J. Hendrickson and R. B. Easley as sureties, by terms of which bond, the parties bound themselves in regular and legal form, jointly and severally to pay all costs that might accrue in said cause that they might be adjudged to pay, which said bond was regularly and legally filed with the clerk of said court and approved by the judge thereof. Warrant was regularly issued, and the defendants arrested thereunder and brought before the court on the 29th day of December, 1903. They entered a plea of not guilty. Trial was set by the court for that day, to-wit: The 29th day of December, 1903, and on that day the defendants appeared by their attorneys, and by leave of court

withdrew their plea of not guilty, and filed a motion to dismiss on the grounds:

"First: The court had no jurisdiction of the subject-matter of this action and no right to try the same.

"Second: For the reason that the information in this action has not been signed by the county attorney nor endorsed and approved by that officer."

Which motion was by the court sustained, to which ruling the plaintiffs then and there excepted. Plaintiffs then and there asked leave of the court to so amend the information in this cause that it shall charge the defendants in this cause with the crime of gambling only, instead of carrying on and conducting games of gambling, and ask the court to be permitted to prosecute the defendants under the information so amended, to which the defendants object; whereupon the court inquires, "Is it contemplated to procure the signature of the county attorney to the information so amended?" and upon the attorneys for the prosecution replying that it is not, the court refuses to permit the information to be so amended, or the prosecution to be further proceeded with, and dismissed the cause, to all of which the Territory, by its said attorneys, and the prosecuting witness, and the bondsmen, then and there excepted. Whereupon the defendants moved the court to render judgment against the complaining witness and his said bondsmen for the costs in this action expended, which motion is by the court sustained, to which plaintiff excepts, and it is by the court ordered and adjudged that the Territory of Oklahoma do have and recover of and from Clifford Bailey, T. J. Hendrickson, and R. B. Easley, judgment for all costs in this cause incurred, and that execution issue therefor, to all of which the said Clifford

Bailey, T. J. Hendrickson and R. B. Easley excepted, now except, and bring this cause here for review.

Opinion of the court by

IRWIN, J.: The plaintiffs assign as error the action of the probate court in sustaining the motion dismissing the cause, and taxing the costs to the complaining witness, and the sureties on his bond. The motion of the defendants in the probate court, to dismiss the action, was based upon two grounds only: First, that the court had no jurisdiction of the subject matter; second, that the information in this action had not been signed by the county attorney, nor endorsed and approved by him. Taking these grounds in the order we have first considered, did the court have jurisdiction of the subject matter? Of this, we think there can be no doubt. Under the original complaint, that of keeping a gambling house, the probate court, sitting as a justice of the peace, would only have jurisdiction to the extent of determining the matter as an examining magistrate, to determine whether there was a reasonable probability of guilt sufficient to hold the defendants to bail to appear before the grand jury at the next term of the district court. To this extent he would have jurisdiction. The jurisdiction of the probate judge and justice of the peace in criminal matters being limited to all public offenses less than felonies committed in their respective counties, in which the punishment prescribed by law does not exceed a fine of one hundred dollars, or imprisonment in the county jail for thirty days, or both. The crime of keeping a gambling house is punishable by the law of this Territory by a fine of not less than $100.00 nor more than $1000.00, and by imprisonment in the county jail for a term not less than thirty days nor more than six months.

Thus it will be seen that the probate judge did not have jurisdiction to try and determine the crime charged in this complaint as originally drawn, but that did not deprive him of his jurisdiction as an examining magistrate. Hence, we think that the motion could not have been sustained by the probate judge upon the ground first stated therein. Hence, it must have been upon the second ground, to wit: That the information had not been signed by, or approved by the county attorney, and the inquiry of the court, when he was asked by the plaintiffs to grant leave to amend the complaint, that is, if the plaintiffs intended to have the county attorney endorse the information would indicate that it was upon this ground that he sustained the motion to dismiss. The court evidently construed section 45, of chapter 41, Laws of 1895, entitled "Criminal Procedure" as referring only to such misdemeanors as were peculiarly within the jurisdiction of the justice of the peace, or probate courts. We think this construction was erroneous, as we believe the act applies just as its language would indicate, to all misdemeanors, whether the same are triable before the district court, probate court, or justice of the peace court. The language of the section is as follows:

"In *all misdemeanor* cases before a warrant shall issue for the arrest of the defendant the complaint must be submitted to the county attorney, or drawn by him and endorsed as follows: 'I have examined the facts in this case, and recommend that a warrant do issue', and then filed with the court. If the action be brought without such endorsement, the complaining witness must file with the court a bond to be approved by the court in a sum not less than fifty dollars, conditioned to pay all costs, and the county shall in no event be liable for any costs incurred in that action unless the complaint be so endorsed by the county attorney."

Now this section clearly points out two methods of procedure in all misdemeanor cases. First, by having the complaint endorsed, and approved by the county attorney, and the necessary process ordered by him. It also provides another and distinct proceeding, where no consent or approval of the county attorney is necessary, to wit: By the party making the complaint filing a bond to secure the county against the payment of any costs that may be incurred. Now it is evident from a reading of this section, that the object thereof was not to prevent the prosecution of misdemeanors without the consent or approval of the county attorney, but to provide that if such misdemeanors were prosecuted without the consent of the county attorney, that the county should not, in any event, be chargeable with the costs thereof. This proceeding having begun in the county court under the second provision of this section, we think it was error for the probate court to dismiss it for the reason that the information or complaint was not signed or approved by the county attorney. It is a well recognized principle of law that a criminal complaint is amendable, the same as any other process in court, and comes within the provisions of the chapter on amendments. This being true, when the request was made of the probate judge for leave to amend the complaint in the manner specified, to wit: To make said complaint charge the crime of gambling, instead of keeping a gambling house, this should have been permitted by the court, under such terms and conditions as to costs as he deemed just and equitable, and the refusal of the request to amend was error.

We think, also, under the record in this case, that the taxing of the costs to the prosecuting witness and the sureties

on his bond was error. The statute provides, section 36, article 1, chapter 69, Wilson's Statutes, 1903.

"If the court or jury, if the case is tried by a jury, find that the prosecution was without probable cause, and from malicious motives, judgment must be rendered against the prosecuting witness for all costs and that he shall secure the same, or stand committed to the county jail until the amount thereof is liquidated by imprisonment."

This section of the statute is based upon the finding by the court, or jury, that the prosecution was without probable cause, and was malicious; and without such a finding on the part of the court, or jury, there is no authority for the taxing of costs to a prosecuting witness, and nowhere in the law do we find any authority for taxing the costs of a criminal prosecution to the sureties on a cost bond, without a hearing, and without, as in this case, an opportunity to defend. Hence we think in this case, that the taxing of the costs to the prosecuting witness and the sureties on his bond, was, under the circumstances, without authority of law, and void, and constitutes reversible error in this case. And we are constrained to the belief that the attorneys for the defendants in error are convinced, from the brief of plaintiffs in error, or from some other cause, that this case should be reversed, for the reason that they have entirely failed to furnish any briefs in the case, or cite any authorities in support of their proposition.

For the reasons herein expressed, this case is reversed and remanded to the county court, with directions to allow the amendment asked for, and to proceed to a trial of the cause upon its merits. The reversal being at the costs of the defendants in error.

All the Justices concurring.