## SEQUOYAH COUNTY v. HELMS, *County Treasurer.*

No. 6027. Opinion Filed March 24, 1914.

(139 Pac. 958.)

1. **COUNTIES—Removal of Officers—Parties.** Section 5605, Rev. Laws 1910, confers authority upon the board of county commissioners to present an accusation and bring an action, in the name of the county, for the removal of any county or township officer.

2. **SAME—Action for Removal—Appeal—Voluntary Dismissal.** Where the district court sustains a demurrer of the defendant to the accusation, and orders the dismissal of the case and the discharge of the defendant, held, that the board of county commissioners, being the general agents of the county, and having the supervision and control of county affairs, and having the power to institute and prosecute civil actions in the name of the county for and on behalf of the county, have the power (1) to determine whether such action should or should not be appealed, and (2) have the power to dismiss said cause when appealed.

(Syllabus by the Court.)

*Error from District Court, Sequoyah County; John H. Pitchford, Judge.*

Action by Sequoyah County, on the relation of its Board of County Commissioners, for the removal of Lee Helms, County Treasurer, from office. Judgment for defendant, and plaintiff brings error. Appeal dismissed.

*L. C. McNabb,* Co. Atty., and *Riley Cleveland,* Asst. Co. Atty., for plaintiff in error.

*T. F. Shackelford, Thos. J. Watts, Kyle & McCombs,* and *Curtis & Pitchford,* for defendant in error.

RUSSELL, J. This case comes to us on appeal from the district court of Sequoyah county. It appears from the record

that an accusation, purporting to be the act of the board of county commissioners of Sequoyah county, and signed by the chairman of said board, against Lee Helms, county treasurer, defendant in error, was filed in the district court of said Sequoyah county, in which various offenses were charged against the defendant, and asking for his suspension from, and, upon conviction, for removal from, office.

Section 5592, of article 4, Rev. Laws 1910, states the various causes for either of which an officer may be removed from office. Section 5605 of the Code authorizes the board of county commissioners, in the case of any county or township officer, to present such accusation or bring an action, in the name of the county, for the removal of such officer, and the district court shall have exclusive jurisdiction.

At the December term, 1913, of the district court of Sequoyah county, the demurrer of the defendant in error to the accusation was sustained by the district court, and judgment rendered that said accusation be dismissed, and defendant discharged, to which action of the district court the county attorney excepted, and brings this appeal to this court. The appeal of petitioner in error is styled "Sequoyah County *ex rel.* Board of County Commissioners, plaintiff in error, v. Lee Helms, County Treasurer, Defendant in Error."

On the 5th day of March, 1914, the board of county commissioners of Sequoyah county adopted a resolution, a certified copy being on file here, in which they challenge the right of the county attorney to prosecute the appeal in their names in this cause over their protest and objection, and in said resolution we quote the following, among other things therein stated:

"Whereas, the said L. C. McNabb, as such county attorney, has without authority or request from said board of county commissioners, plaintiff, and in whose name said accusations were and are being prosecuted, appealed to the Supreme Court of the state of Oklahoma from the decision and judgment of the said district court, rendered and entered December 3, 1913, sustaining the defendant's demurrer to said accusations and dismissing said prosecution, thereby causing additional costs and unnecessary expense to the taxpayers of Sequoyah county, as well as

the defendant, Lee Helms, as such county treasurer: Now, therefore, be it resolved by the board of county commissioners of Sequoyah county, Oklahoma, in regular session assembled, this the 5th day of March, A. D. 1914, that the honorable Supreme Court of the state of Oklahoma be and the same is hereby requested by the board of county commissioners of Sequoyah county, in whose name and purported authority said accusations are appealed and prosecuted, to dismiss said appeal and prosecution with prejudice, without further delay and costs to the plaintiff and defendant."

All of which is properly signed and authenticated as in such matters required.

The question for consideration is: Has the board of county commissioners the power, whether the appeal was authorized by such board or not, to cause its dismissal by this court? From the statute quoted (section 5605, *supra*) it is clear that authority is conferred upon the board of county commissioners to present such an accusation and bring an action in the name of the county for the removal of such officer. The power to present the accusation, or institute, as the party at interest, any other action, includes the power to dismiss, either before or after an appeal.

The statute confers the authority upon them to present such an accusation, just as other statutes of this state confer upon the board of county commissioners the power to institute and prosecute civil actions in the name of the county, for and on behalf of the county. The board of county commissioners are the general agents of the county, having the general supervision and control of county affairs, and, having the power to institute and present such an accusation, they have the power to determine whether or not an adverse judgment against such accusation in the court, or other matter instituted by them, should or should not be appealed. In this case the board of county commissioners have decided that the better interest of the county and taxpayers will be served in not permitting an appeal of this case and having the appeal dismissed. As has been held in the case of *County of Kingfisher v. Graham, post,* 139 Pac. 1149:

"The county attorney has no right to appeal such a case, nor to permit others to do so, without the consent and concurrence of the board of county commissioners."

The authorities cited in the disposition of said case are referred to and adopted as applicable in this case.

The motion of said board to dismiss this appeal is sustained, and the appeal is therefore dismissed.

All the Justices concur.