BURKETT *et al.* v. STATE *ex rel.* HANKINS, *Co. Atty.*

No. 4088.   Opinion Filed January 26, 1915.

(146 Pac. 23.)

1.   **FINES—Stay Bond—Right to Give.** The bond provided for in section 6180, Rev. Laws 1910, by which the payment of a fine imposed in a misdemeanor case may be stayed for a period of 30 days, may be given in a misdemeanor case tried in the county court.   The operation of the statute is now confined to cases in justice of the peace courts.

2.   **CONSTITUTIONAL LAW—Fine—Stay Bond—Infringement on Pardoning Power.** This statute does not infringe on the pardoning power vested in the Governor by the Constitution. (Syllabus by Brewer, C.)

*Error from County Court, Jackson County;*

*B. N. Woodson, Judge.*

Action by the State, on relation of M. L. Hankins, as County Attorney of Jackson County, against G. W. Burkett and others. Judgment for plaintiff, and defendants bring error.   Affirmed.

*W. T. McConnell,* for plaintiffs in error.

*M. L. Hankins,* for defendant in error.

Opinion by BREWER, C.   This is a suit on a bond given to stay, for 30 days, the payment of a fine in a misdemeanor case. One Lyman Davis was convicted in the county court for the violation of the prohibitory laws, and was sentenced to serve a term of 30 days in jail and to pay a fine of $150 and the costs of the prosecution.   No appeal appears to have been taken from the judgment of the court, but the defendant Lyman Davis, after serving the jail sentence, executed a bond with the plaintiffs in error herein as sureties thereon, which, after reciting the conviction of the defendant, bound the principal and sureties in the penal sum of $300; the same being conditioned that, if the principal "shall within 30 days from the date hereof pay into said

656          SUPREME COURT OF OKLAHOMA.

Burkett et al. v. State ex rel. Hankins, Co. Atty.

court said fine of $150 and said costs of $43.30, then in that event this obligation shall become null and void; otherwise to remain in full force and effect." The fine and costs were not paid, nor did the principal in the bond surrender himself in further execution of the judgment. This suit was brought to recover on the bond, and at a trial thereon judgment was rendered in favor of the state and against the bondsmen, who prosecute this appeal as plaintiffs in error.

This bond was evidently given under section 6180, Rev. Laws 1910, which is as follows:

"Upon the conviction or plea of guilty of misdemeanor, the defendant may stay the collection of the fine by giving good and sufficient bond, with two or more sureties to be approved by the court, conditioned that the defendant will pay the fine and costs within thirty days from the date of the judgment: Provided, that if the defendant is sentenced to pay a fine and be imprisoned, the bond shall be conditioned to pay the fine and costs within thirty days after the end of the term of imprisonment. The court shall require the sureties on the stay bond to justify as in other cases."

Several contentions are made here against the validity of the judgment, and we have examined them all and think they are without merit. It is contended, for instance, that the statute, above quoted, is intended to apply solely to fines imposed by justices of the peace No satisfactory reason is given for this contention, to our minds, and we see no reason why it should not apply to fines imposed in misdemeanor cases in county courts. *Bailey v. Territory,* 15 Okla. 80, 79 Pac. 775. It is further contended that to permit a person to give security for the payment of a fine imposed, which, of course, is in fact for the purpose of keeping such defendant out of jail, is an interference with the pardoning power lodged in the Governor by the Constitution of this state. This position is untenable, and we think needs no argument.

It is also contended that the bond is void under the doctrine of *Ex parte Clendenning,* 22 Okla. 108, 97 Pac. 650, 19 L. R. A.

(N. S.) 1041, 132 Am. St. Rep. 628; but we think a reading of that case clearly shows that it has no application in principle to staying of a fine in a misdemeanor case by giving a bond authorized to be given by a plain and unambiguous statute. In that case the question before the court seems to have been as to whether or not a court, after delivering its judgment and sentence of imprisonment in a criminal case, may stay the same in the absence of appeal, or other legal proceedings taken, indefinitely, and then, after the term has expired at which it was rendered, issue a commitment in execution of its judgment. And the holding in that case was that the court, after the expiration of the time of sentence, and of the term of court at which rendered, has no power to call it back and issue a commitment thereunder. The Clendenning case was dealing purely with the suspension of a jail sentence for an indefinite, uncertain period, not authorized by statute, and has no applicability here. We are also cited to a number of decisions of the Criminal Court of Appeals. We have examined them all, and none of them have anything, in our judgment, to do with the point involved here.

The bond was given in pursuance of a statute with proper conditions named therein, the conditions have been broken, and we can see no reason, and none has been pointed out to us, why the sureties should not be held liable as was done in the trial court.

The judgment should be in all things affirmed.

By the Court: It is so ordered.