IRONSIDE v. STATE *ex rel.* CALDWELL, Co. Atty., *et al.*

No. 3829. Opinion Filed April 13, 1915.

(148 Pac. 97.)

1. FINES—Payment of Fine—Stay Bond—Right to Give. The bond provided for in section 6180, Rev. Laws 1910, by which the payment of a fine imposed in a misdemeanor case may be stayed for a period of 30 days, may be given in a misdemeanor case tried in the county court. The operation of the statute is not confined to cases in justice of the peace courts.

2. COUNTIES—District and Prosecuting Attorneys—Judgment for County—Power to Compromise—County Attorney. The county attorney, without special authority of the board of county commissioners of the county, is not authorized to accept from a part of the joint debtors, in a judgment in which the county is the beneficiary, part payment of such judgment, with the agreement that such payment so paid is to discharge the joint debtors so

42 SUPREME COURT OF OKLAHOMA.

Ironside v. State ex rel. Caldwell, Co. Atty. et al.

paying from liability on account of said entire judgment; and if such payment and agreement be made, such payment of a part of such joint judgment and such agreement cannot be placed by other joint judgment debtors in said judgment as payment and discharge of the entire joint judgment.

(Syllabus by Collier, C.

*Error from County Court, Creek County;*

*S. F. Parks, Judge.*

Action by the State, on relation of C. Caldwell, County Attorney of Craig County, against R. Ironside. Judgment for plaintiff, and defendant brings error. Affirmed.

*James S. Davenport,* for plaintiff in error.

*Willard H. Voyles,* Co. Atty., for defendants in error.

COLLIER, C. This is a suit on a bond, given to stay for 30 days the collection of a fine in a misdemeanor case. One Henry Raines was convicted in the county court of Creek county for a violation of the prohibition law, and was sentenced to serve a term of 90 days in jail and pay a fine of $300 and costs of prosecution. The defendant Henry Raines executed a bond with plaintiff in error and others as sureties therein, which, after citing the conviction of defendant, bound the principal and sureties in the penal sum of $330.95; same being conditioned:

"That if Henry Raines shall pay the said fine and costs within thirty days from the 27th day of March, then this obligation to be void; otherwise to be and remain in full force and effect."

Fine and costs were not paid, nor did the principal of the bond surrender himself in further execution of the judgment. Suit was brought upon the bond, and at a trial thereon, judgment was rendered in favor of the state and against the principal and sureties, including plaintiff in error, who prosecutes this appeal. After the rendition of said judgment upon said bond, Byrd, Chandler, and Chamberlain, who were sureties on said bond, each paid upon said judgment the sum of $67.69 in satis-

faction of said judgment as to the said respective judgment debtors so paying. It does not appear from the record by what authority the county attorney accepted such payments. From the said judgment against the plaintiff in error, plaintiff in error moved the court to dismiss the action, upon the ground that the county attorney, since the appeal was perfected, had accepted a certain sum of money from other defendants named therein and released them from any further obligation on said judgment, and that said acceptance of said money from the other defendants released them in full; such judgment rendered being a joint judgment, such payments by the other sureties, without the knowledge or consent of plaintiff in error, operated to discharge plaintiff from liability on said judgment. This court dismissed said appeal; and immediately, upon plaintiff in error being advised of such action, this court was asked to set aside the order of dismissal, upon the ground that the motion of plaintiff in error "was one to dismiss the case, and not to dismiss the appeal." This court will not insist that it did not make a mistake in dismissing the appeal. It is therefore considered by the court that the order dismissing the appeal be, and the same is hereby, set aside; said appeal, reinstated on the docket, to be heard and disposed of upon the merits involved in this appeal.

With the setting aside of the order to dismiss the appeal and reinstating the case on the docket disposed of, the remaining errors complained of by plaintiff in error are: (1) That the trial court committed error in overruling the demurrer of plaintiff in error to the petition in this cause; (2) that the trial court committed error in holding and deciding that the petition in this case stated suffiicient facts to constitute a cause of action; (3) that the trial court committed error of law in rendering judgment for the state against the plaintiff in error. Two of said assignments of error involve but one question, the legality of the bond sued on in this action; and said assignments will be considered together.

That the said bond sued on in this case is a binding obligation is not an open question in this court; this court, speaking through Judge Brewer (*Burkett v. State ex rel Hankins*, 44 Okla. 655, 146 Pac. 23), having held that:

"The bond provided for in section 6180, Rev. Laws 1910, by which the payment of a fine imposed in a misdemeanor case may be stayed for a period of 30 days, may be given in a misdemeanor case tried in the county court. The operation of the statute is not confined to cases in justice of the peace courts."

It therefore follows that the demurrers interposed by plaintiffs in error to the petition in this cause are without merit, and the trial court did not err in overruling the same.

The third assignment of error raises the question of the correctness of the contention of plaintiff in error:

"That the acceptance of a sum of money from other sureties and their release, without the knowledge of plaintiff in error, was in satisfaction of the entire judgment as to him, and releases plaintiff in error of all liability by reason of said judgment."

The record in this case shows that the payments were made as stated by plaintiff in error. Authorities upon said contention of plaintiff are in conflict, but the weight and better considered cases establish the rule:

"That a release given to one of several joint judgment debtors on his paying his proportional part of the judgment releases the judgment as to all, unless the creditor expressly reserved the right to enforce the judgment as to the others." 23 Cyc. 1477c.

But we hold, for the reasons hereinafter stated, that this rule of law does not apply in this case. Section 3635, Rev. Laws 1910, provides for the disposition of fines imposed, for which the stay bond in this cause was given; and, presuming, as to which the record is silent, that the original prosecution in which said fine was imposed, which was stayed by the execution

of the bond sued on in this case, was instituted by the county attorney of Craig county, the fruit of the judgment in this case belongs to the road and bridge fund of said county, and the county attorney was without authority to accept payment of part of the judgment from other joint judgment debtors, as was done in this case, the effect of which, if the county attorney had authority to accept said payments under the rule of law adopted in this case as to partial payment by a joint judgment debtor, was to compromise said judgment. Article 7, c. 16, Rev. Laws 1910, fully defines the duties and authority of county attorneys, and said article does not include the authority to compromise judgments in which the county is interested. Power to compromise judgments in which the county is interested is vested alone in its board of county commissioners; said board "being the general agents of the county and having the supervision and control of county affairs." *Sequoyah County v. Helms,* 40 Okla. 565, 139 Pac. 958. The action of the county attorney in accepting part payment from a part of the judgment debtors in the judgment under consideration, being an unwarranted and unlawful usurpation of authority, such payment cannot be invoked by plaintiff in error to avoid the payment of the balance due on the judgment appealed from, under the rule that a payment of a part of a joint judgment by a part of the joint judgment debtors releases all the other joint debtors in the judgment. To hold other than we do as to the wrongful authority exercised by the county attorney in the instant case would be to open wide opportunity for wrongdoing. The judgment appealed from should be credited with the respective amounts paid by the other joint judgment debtors to the county attorney of Craig county.

The judgment in all things should be affirmed.

By the Court: It is so ordered.