J. M. MEYER, trustee, plaintiff in error, *vs.* JOHN D. BUTT & BROTHER *et al.*, defendants in error.

The rule that the judgment of a Court of competent jurisdiction is conclusive between the parties, as to the matter in issue, does not apply to a judgment against a trustee, as such, if the object of the suit be to charge the trust property with a debt for which the trustee is only personally liable, unless it appear that the *cestui que trust* is *sui juris*, and was a party to the suit, or consented to the judgment and equity will interfere to enjoin such a judgment, if it appear that, in fact, the trust-estate was not liable for the debt sued on.

Conclusiveness of judgment. Trustees. Before Judge GIBSON. Richmond county. Chambers. September, 1871.

Meyer, as trustee of Mrs. Miller, complained against Baldwin B. Miller, Jr., and Butt & Brother, as follows : She and Baldwin B. married in 1858, and lived together till the 1st of May, 1870, when, by his cruelty, she was forced to separate from him. During said time, and while he had ample property, he bought from said Butt & Brother various goods,

as she believed, upon his personal credit.   He gave his individual notes therefor.   They made an ante-nuptial contract, whereby all her property was settled upon her for her sole and separate use, in no way to be liable for his debts or contracts.   On the 29th of October, 1870, said Butts & Brother sued Miller upon his said notes, made in 1866 and 1867, and upon an open account for goods charged to himself between March 25th and December 9th, 1870.   The suit was against him as her trustee, averring that said notes and account were for supplies of necessaries for the use of said trust-estate. Miller made no defense, and, on the 19th of May, 1870, a judgment by default, without evidence, was entered against him as such trustee.   She had no notice of this suit.   At the time said judgment was taken Butt & Brother knew that a proceeding was pending, at her instance, to remove Miller as her trustee.   They and Miller fraudulently combined thus to injure the trust-estate.   The consideration of said notes and the goods mentioned in said account, were not bought for the trust-estate but for Miller's own use on his individual plantation, and the credit was given to him individually. He is now insolvent.   Indeed, during the greater part of the time when the goods were bought, Miller was not her trustee.   In 1868, he was removed from said trusteeship ; in 1870 he was reinstated, and again removed in 1871, and complainant was then appointed her trustee.   The *fi. fa.* issued upon said judgment has been levied upon the trust property.   She prayed that the *fi. fa.* be enjoined from proceeding.

The defendants were ordered to show cause why the injunction should not issue.   Butt & Brother answered that they did not sell the goods to Miller on his personal credit, but looked to the trust-estate, that Mrs. Miller knew that the credit was for goods for the use of herself and children, and that they were crediting Miller as her trustee.   She held him out as her trustee even after separation, and they had no notice of her proceeding to remove him till he was removed two days after they obtained their said judgment.

On the 20th of March, 1870, she wrote them, "you furnished us on credit," and offered certain of her trust-estate in payment of said debts, and repeated the offer in another letter of the 15th of April, 1870. They did not accept the offer, but said they would sue her trustee, and she encouraged them to do so. They did sue him as trustee and served him as such and obtained a judgment against him. They denied all fraud and combination.

Prior to the hearing, complainant notified Butt & Brother to produce their books and correspondence with Mrs. Miller, to be used as evidence. At the hearing, Butt & Brother refused to produce the books. Complainant stated to the Chancellor that said books would show that the consideration of the notes was such goods as were not proper for an estate such as hers, described in the bill, that her letters and their replies would explain the whole case, and asked that they be compelled to produce them. The Court refused to have them produced. Complainant read an affidavit by Miller that said credit was given to him individually, when he was in good credit, and for goods with which the trust-estate had no concern or connection. He also read said ante-nuptial contract. It was admitted that Miller was removed as her trustee early in 1868, that his father became the trustee and was succeeded by Miller in December, 1869, and he was again removed two days after said judgment was rendered. The Chancellor refused to enjoin the *fi. fa.* This refusal and the refusal to compel the production of the books and letters are assigned as error.

H. Clay Foster, for plaintiff in error. As to production of papers: Cobb's N. D., 470, 1135; R. Code, section 3457; 15 Ga. R., 486; Acts of 1850, 273. The averments in said suits were a 'positive fraud relievable in equity: R. Code, secs. 3116, 3117, 3118, 3121, 2842; 9 Ga. R., 251; 6th, 478; 1 Story's Eq. Juris., 217. Claim must be against the *trust-estate :* R. Code, sec. 3301; 28 Ga. R., 525; 30th,

85. How far trustee may bind estate: R. Code, sec. 2308; 17 Ga. R., 223. Equity relieves against fraudulent judgment: R. Code, secs. 3116, 3120; 19 Ga. R., 94, 130; 14 John. R., 501. Equity having jurisdiction will do complete justice: 7 Ga. R., 238; 14th, 323; 36th, 332. Mrs. Miller should have been sued: R. Code, sec. 3301. Not sued, she is not bound by judgment: R. Code, sec. 3302; 17 Ga. R., 223; 2 John. C. R., 238; 1 Paige's Ch. R., 20. Equity will scrutinize a judgment: 7 Ga. R., 381; 3d, 229. In such case no presumption in favor of judgment: 9 Ga., R., 250. As to dissolving injunctions where fraud is the *gravamen* of the bill; 19 Ga. R., 270; 12th, 5; 8th, 449. As to Judge's duty in injunction cases: 11 Ga. R., 185; 13th, 8; 27th, 216; 40th, 475; 6 Fla. R., 368, 533; 1 Iredell's (N. C.) Eq. R., 195.

Joseph P. Carr, for defendants.

McCay, Judge.

Did this case turn solely on the evidence of complicity or positive fraud, with intent to take an unfair advantage of Mrs. Miller, we would not interfere with the discretion of the Court. But it is clear to us, from the reasons given by the Judge, that he placed his judgment largely upon the effect of the previous judgment obtained in the Superior Court. Evidently the Judge considered *that* an adjudication of the rights of the parties, unless it were shown there was fraud in its procurement, and by fraud he meant acts of duplicity and deception, and in this we think the Judge erred.

We recognize fully the principle that a judgment between the parties is conclusive on the subject of dispute. unless attacked for fraud, and we agree that, generally, a trust-estate is bound by a judgment against the trustee. But we do not agree that this rule applies to a case where, by the very nature of the suit, it is the interest of the trustee to have the judgment rendered. Nothing is better settled than that a

trustee can do no legal act binding the trust-estate in his own favor. Had he taken the money of the trust and applied it to the payment of his own debt the *cestui que trust* could follow it if she could find it. Had he sold the trust property in payment of it, the sale would have been void.

·Can it change the principle that he has quietly sat still and allowed that to be done, under the forms of law, which, if he had done by actual interference, would have been illegal? This plaintiff in the common law suit knew all the facts. He knew that this debt was not contracted for the benefit of the trust-estate. He is also charged with notice of the law, that a married woman cannot charge her separate estate with her husband's debts, or as security for him. And in obtaining this judgment, he stands precisely in the position of a man who receives from a trustee the trust effects, knowing that the trustee is misapplying them. In such a case, the law *implies* fraud, no matter how free from duplicity or immorality, in intention, the receiver of this misapplied trust fund may be. The single fact that he has knowingly received, in payment of his debt against the trustee, the fund of the beneficiaries, charges him with implied fraud.

And we think it may be laid down as a general rule that a judgment against a trustee, in a suit where he is the sole defendant, and where the plaintiff is seeking to charge the trust-estate with debt, contracted by the trustee, for his own benefit, is ·*prima facie* fraudulent. Being defendant in such a suit, is foreign to the object of the trust, and this the plaintiff is bound to know. The interest of the trustee is with the plaintiff, and is a perversion of the whole intent of the trust to permit his neglect, or his act to bind the trust property for his own benefit.

We think, therefore, this judgment is, *prima facie*, not binding, and that the burden of showing the debt to be a proper charge upon the trust property, is upon the holder of the debt, independently of the judgment. The injunction

ought not to have been dissolved, and unless it be proven that, in fact, this was a debt properly chargeable upon the separate property of the wife, the injunction ought to be perpetual.

Judgment reversed.