## ASHTON v. BOARD OF COM'RS OF MURRAY CO. *et al.*

No. 7102. Opinion Filed March 2, '1915.

(147 Pac. 305.)

**COUNTIES—Judgment Against County—Taxpayer's Suit to Restrain Collection—Petition.** A petition in a suit in equity, commenced by a taxpayer for the purpose of enjoining the collection of a judgment rendered aganst a county, which alleges, in effect, that the county attorney and county commissioners of said county, by fraudulent collusion with the judgment creditor, neglected to perform their duties in respect to preventing the incorporation of an invalid claim against said county into a judgment, states facts sufficient to constitute a cause of action; and a taxpayer of said county, acting seasonably, may intervene by suit in equity in his own nme and successfully invoke its jurisdiction to restrain the collection of such judgment.

(Syllabus by the Court.)

*Error from District Court, Murray County;*

*R. McMillan, Judge.*

Suit by Bird Ashton against the Board of County Commissioners of the County of Murray and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

*Geo. M. Nicholson* and *Gray & McVay,* for plaintiff in error.

*Ira M. Roberts,* Co. Atty., and *Walter E. Latimer,* for defendants in error.

KANE, C. J.   This was a suit in equity, commenced by the plaintiff in error, plaintiff below, as a taxpayer, for the purpose of enjoining the defendants, and each of them, from issuing and receiving any warrants, bonds, or other evidence of indebtedness of any character in payment of a certain judgment, or any part thereof, and from in any manner paying and receiving payment of said judgment or claim, or any part thereof, or any money claimed to be due thereon, and from levying, or causing to be levied, any taxes for the payment of said judgment or claim, or any part thereof.   Upon a general demurrer being sustained to the petition filed therein, this proceeding in error was commenced for the purpose of reviewing the action of the trial court.

The judgment sought to be enjoined was secured by G. E. Gatlin, one of the plaintiffs herein, against the board of county commissioners of the county of Murray.   The claim sued upon aggregated $3,150.   A verified itemized statement was attached to the petition, showing that the alleged indebtedness was based upon a contract to build an addition to the courthouse and vault, repairing partitions in old building, rebuilding stand in courtroom, etc.   The petition alleges that the plaintiff—

"presented his verified claim to the board of county commissioners of said county for allowance and payment which, on the 6th day of July, 1914, was by said board disallowed for the reason that there were no funds on hand available for the purpose of paying same, and for this reason plaintiff filed this suit for the purpose of obtaining a judgment for said amount against defendant."

Briefly, the petition herein alleges, in substance, that the board of county commissioners of said county rightfully disallowed said claim on or about the 8th day of July, 1914; that thereafter said board caused suit to be brought in the district

court of Murray county by said claimant, G. E. Gatlin, against said board of county commissioners on said claim; that the defendants T. F. Gafford, James Draughon, and E. M. Rice, members of the board of county commissioners, learned that plaintiff and other taxpayers of Murray county were preparing to resist the payment of said claim, and, knowing said claim to be false and fraudulent, said defendants T. F. Gafford, James Draughon, and E. M. Rice, county commissioners as aforesaid, did on the 5th day of August, 1914, cause said action to be dismissed; that afterward, on or about the 7th day of September, 1914, said defendant G. E. Gatlin again filed with and presented said claim to said defendant board of county commissioners of said county in the sum of $3,500, and on the 7th day of September, 1914, said board allowed said claim in the sum of $250, and disallowed the sum of $2,900. Then follow allegations to the effect that said G. E. Gatlin never at any time entered into any contract with said county commissioners of the county of Murray for the performance of the services or furnishing of the materials for which he claims payment; that the payments made thereon were false and fraudulent, and that said members of the board of county commissioners well knew that the said claim was false and fraudulent and well knew that said defendant board of county commissioners of Murray county was not indebted to said defendant G. E. Gatlin in any sum whatever; and, moreover, that the revenue and income provided for said Murray county for the fiscal year ending June 30, 1914, the year in which said indebtedness was alleged to have been incurred, amounted to the sum of $32,162, which income and revenue was expended and paid out for the current expenses of said county; that there was no money in the treasury of said county out of which to pay said claim; that said indebtedness attempted to be incurred by said defendant, board of county commissioners, exceeded 80 per cent. of all the taxes levied for county expenses during said year, and exceeded the income and revenue provided for said county for said year;

that there was no fund out of which said purported indebtedness attempted to be created could be paid, and no such fund could be created without the assent of three-fifths of the qualified electors of said county, voting at an election to be held for the purpose of determining whether or not said indebtedness should be incurred. Then follow allegations to the effect that said Gafford, Draughon, and Rice, as members of the board of county commissioners of said county, and the county attorney of said county well knew that said claim was false and fraudulent, and concealed all knowledge of the bringing of said action from this plaintiff and other taxpayers of said county; that said county officers in collusion with said Gatlin fraudulently failed and neglected to interpose any defense to said action for the purpose of defrauding the taxpayers of said county, and for the purpose of obtaining payment of said false and fraudulent claim; that T. F. Gafford, James Draughon, and E. M. Rice, acting as said board of county commissioners, knowingly, willfully, and intentionally caused suit to be brought against said defendant, board of county commissioners of said county, in the name of said defendant G. E. Gatlin, on said false and fraudulent claim, in an unlawful attempt to evade the provisions of the Constitution and statutes of the state of Oklahoma, and to cast upon said plaintiff and all the other taxpayers of said county of Murray the burden of paying the amount of the indebtedness attempted to be incurred thereby without their assent.

This court is of the opinion that the petition herein states facts sufficient to constitute a cause of action against the defendants, and that it was error to sustain a general demurrer thereto. Counsel for defendant in error, to sustain the judgment of the court below, rely upon the principle laid down by the authorities that a judgment cannot be impeached collaterally on account of any illegality or insufficiency in a cause of action on which it is founded, this not being a jurisdictional defect, or sufficient to render the judgment void. 23 Cyc. 1071; *Rice v. Woolery*, 32

Pac. 18. The case at bar is not governed by the foregoing principle. Courts of equity have jurisdiction to relieve against a judgment that is contrary to equity, where there is no other remedy, upon several different grounds, among which we find the following to be supported by authority: If public officers in collusion with claimants fraudulently refuse to perform their official duties in respect to preventing the municipality from being burdened with the payment of illegal claims or suffering loss on account of money illegally paid out of the public funds, the taxpayers, in the name of one or more of such, suing in behalf of all, may intervene and remedy the mischief through the power of a court of equity, although such claim may have been reduced to judgment. *Balch v. Beach et al.,* 119 Wis. 77, 95 N. W. 132; *Kircher v. Pederson,* 117 Wis. 68, 93 N. W. 813; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 75 N. W. 964, 69 Am. St. Rep. 915; *Nevil v. Clifford,* 55 Wis. 161, 12 N. W. 419; *Smith v. Cuyler,* 78 Ga. 654, 3 S. E. 406; *Meyer v. Butt,* 44 Ga. 468. In this jurisdiction (section 4881, Rev. Laws 1910)—

"an injunction may be granted to enjoin the enforcement of a void judgment, the illegal levy of any tax, charge or assessment, * * * or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied may unite in the petition filed to obtain such injunction, * * *"

This provision of the law has been construed in *Kellog v. School District,* 13 Okla. 285, 74 Pac. 110; *Marlow v. School District,* 29 Okla. 304, 116 Pac. 797; *Hammon v. Board,* 25 Okla. 372, 107 Pac. 646, 30 L. R. A. (N. S.) 214. In our opinion the allegations of the petition before us, if true—and for the purpose of the demurrer they must be assumed to be true—show that the judgment obtained by Gatlin against Murray county was obtained without any legal or equitable claim against the municipality, and that it was obtained by fraud and collusion with the officers of said county. Having been so obtained, the taxpayers

of said county, or any of them, may maintain an action in equity to have said judgment set aside; in order to protect themselves against the levy of a tax for the payment thereof. It would be strange, indeed, if, in view of the established doctrine that equity stands guard over the rights of tax payers to prevent threatened unlawful disbursement of public money, and even to follow it when unlawfully disbursed and compel its restoration to the rightful owner, we were compelled to confess that, if unfaithful officers permit fictitious claims to be incorporated into a judgment, the jurisdiction of equity can then be challenged to say that the mere change of form has not been effective to make that right which was before wholly wrong, at the suit of the parties indirectly affected, who have had no opportunity, prior to the change, to act in the matter, and thus prevent the consummation of a wrong.

In *Nevil v. Clifford, supra,* judgment was allowed by the officers of a school district when they knew that there was a good defense to the claim involved, and that the taxpayers desired that any attempt to enforce the claim should be resisted. The court, in upholding the right of a taxpayer who apprehended danger from the collusive entry of judgment to resort to a court of equity for relief, quotes from *Smith v. Cuyler, supra,* as follows:

"The apprehended judgments at law will, if collusive, be utterly harmless to these complainants, because, if collusive, the complainants can attack them anywhere and everywhere. A collusive judgment is open to attack whenever and wherever it may come in conflict with the rights or the interest of third persons. Fraud is not a thing that can stand, even when robed in a judgment."

To our mind, the Gatlin judgment is fatally tainted with fraudulent collusion, and if the facts stated in the petition are established its collection should be enjoined.

For the reasons stated, the cause is reversed and remanded, with instructions to overrule the demurrer.

All the Justices concur.