## ASHTON v. BOARD OF COM'RS OF MURRAY COUNTY et al.

No. 7529.   Opinion Filed June 6, 1916.

Rehearing Denied July 25, 1916.

(158 Pac. 901.)

1.  **JUDGMENT—Equitable Relief—Grounds.** Equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents.

2.  **APPEAL AND ERROR—Review—Questions of Fact—Finding by Court.** Where fraud is relied upon as the basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established, the appellate court will not disturb such finding, unless it is clearly against the weight of evidence.

3.  **SUFFICIENCY OF EVIDENCE.** Evidence examined, and **held** sufficient to support the finding of fact of the trial court.

(Syllabus by the Court.)

*Error from District Court, Murray County;*
*F. B. Swank, Judge.*

Action by Bird Ashton against the Board of County Commissioners of the County of Murray and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*George M. Nicholson* and *Gray & McVay,* for plaintiff in error.

*Ira M. Roberts,* County Attorney, and *Walter E. Latimer,* for defendants in error.

KANE, C. J. This was a suit in equity commenced by the plaintiff in error, plaintiff below, as a taxpayer, for the purpose of enjoining defendants and each of them from receiving any warrants, bonds, or other evidence of indebtédness of any character in payment of a certain judgment or any part thereof, and from in any manner paying and receiving payment of said judgment or claim, or any part thereof.

One of the phases of the case has been before this court before *(Ashton v. Board of County Commissioners of Murray County et al.,* 45 Okla. 731, 147 Pac. 305). In the opinion rendered at that time the facts will be found fully stated, and therefore we will not attempt to restate them here. In the new trial which followed the former reversal, the trial court found generally in favor of the defendants and refused to grant the relief prayed for, and it is to reverse this action that this proceeding in error was commenced.

In this proceeding in error, counsel for both sides treat the law of the case as settled by the former opinion, it being contended on one side that the uncontroverted evidence clearly establishes the charge of fraud in the procurement of the judgment, whilst on the other side it is contended that the evidence adduced at the trial clearly tends to sustain the findings of the trial court to

the contrary. In our judgment, the latter contention is well taken. Counsel for plaintiff in error in their brief present the case as though all defenses available at the trial of the cause wherein the judgment sought to be enjoined was entered were also available at the present trial in order to defeat the claim of Gatlin. This is not the law. Such irregularities in the creation of the debt as would have constituted matter of defense in the action in which the judgment was rendered are conclusively presumed to have been passed upon at the former trial, unless it is shown that the judgment was obtained directly by fraud. As stated by Mr. Wells in his work on Res Adjudicata, sec. 499:

"Equity will not go behind the judgment to interpose in the cause itself, but only when there was some hindrance besides the negligence of the defendant in presenting the defense in the legal action."

In other words, a court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. *Knox County v. Harshman*, 133 U. S. 155, 10 Sup. Ct. 257, 33 L. Ed. 586; *Deweese v. Reinhard*, 165 U. S. 389, 17 Sup. Ct. 340, 41 L. Ed. 757.

The preliminary question in the case at bar is, Did the county attorney and county commissioners of Murray county, by fraudulent collusion with the judgment creditor, neglect to interpose an available defense to the original action, thereby conniving at the incorporation of an invalid claim against said county into a judgment? The trial court, after hearing all the evidence, answered

this question in the negative; and we are not prepared to say that this finding is clearly against the weight of the evidence. This is as far as it is necessary for us to extend our investigation. It being established that there was no fraud in the procurement of the judgment, equity has no concern with the rulings or conclusions reached by a court of law based upon the consideration of purely defensive matter.

No useful purpose would be subserved by setting out at length the evidence from the voluminous record before us, which, in our judgment, supports the findings of the court below. The court below heard all the evidence, saw the witnesses upon the stand, and noted their demeanor; and, for this reason, its findings on controverted questions of fact are entitled to and accorded great weight on appeal. The rule in equity cases in this jurisdiction is that:

"Where fraud is relied upon as the basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established, the appellate court will not disturb such findings, unless it is clearly against the weight of evidence." *(Overstreet et al. v. Citizens' Bank,* 12 Okla. 383, 72 Pac. 379; *Schock v. Fish,* 45 Okla. 12, 144 Pac. 584; *Checote v. Berryhill,* 48 Okla. 696, 150 Pac. 679.)

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.