## LEHR et al. v. GRENNELL FARM LOAN CO. et al.

No. 7315—Opinion Filed Jan. 30, 1917.

Rehearing Denied May 15, 1917.

(165 Pac. 167.)

### Appeal and Error—Weight of Evidence—Reversal.

Where plaintiff in error appeals from a decree in equity on the question of the weight of the evidence, this court will not weigh the evidence and reverse the judgment appealed from, unless it is clearly shown that the trial court failed to consider uncontroverted evidence, or that the finding and decree are clearly against the weight of the evidence.

(Syllabus by Johnson, C.)

Error from District Court, Major County; James B. Cullison, Judge.

Action by Katherine Lehr and Henry Lehr against the Grennell Farm Loan Company and T. H. Grennell. Judgment for defendants, and plaintiffs bring error. Affirmed.

Tom E. Willis, S. F. Brady, and C. B. Wood, for plaintiffs in error.

Wm. O. Woolman and S. J. Bardsley, for defendants in error.

Opinion by JOHNSON, C. This case is on rehearing, and is an action by plaintiffs to have canceled a certain judgment rendered in the district court of Major county in favor of the defendants and against plaintiffs, on the ground of fraud alleged to have been practiced by the defendants in inducing these plaintiffs not to make defense to said cause, and to have canceled a judicial sale and sheriff's deed resulting from said judgment; plaintiffs contending further that the full amount of said judgment has been paid, but that they were induced not to oppose the said sale by fraudulent representations of defendants.

The action is an equitable one, was tried to the lower court without a jury, a decree was entered in favor of defendants, and plaintiffs have appealed.

Upon oral argument, had at a rehearing of this cause, it was stipulated that the only issue for determination by this court is the weight of the evidence; and in prosecution of this issue plaintiffs in error insist that the judgment and decree of the lower court is against the weight of the evidence, and that this court should consider the evidence and render or direct the rendition of judgment in favor of plaintiffs in error, or reverse the judgment of the lower court and remand the cause for a new trial.

The rule of law by which we are guided was stated by this court in the case of Checote v. Berryhill et al., 48 Okla. 696, 150 Pac. 679, as follows, to wit:

"Where the plaintiff in error appeals from a decree in equity on the question of the weight of the evidence, this court will not weigh the evidence and remand the case, unless it is clearly shown that the trial court failed to consider uncontroverted evidence, or that the finding and decree are clearly against the weight of the evidence."

As more particularly applicable to this case, the rule has been otherwise stated as follows:

"Where fraud is relied upon as the basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established, the appellate court will not disturb such finding, unless it is clearly against the weight of evidence." Overstreet et al. v. Citizens' Bank, 12 Okla. 383, 72 Pac. 379; Schock v. Fish, 45 Okla. 12, 144 Pac. 584; Ashton v. Board of Commissioners of Murray County, 58 Okla. 259, 158 Pac. 901.

We have carefully read and considered the entire record in the case, and are unable to say that the judgment and decree of the lower court is against the weight of the evidence, or that the court has not considered uncontroverted evidence.

The suit, judgment in which is attacked, was a creditors' suit by the Bank of Ames against these parties and the Citizens' State Bank of Okeene to declare invalid certain mortgages upon the property of these plaintiffs. On cross-petition in that action judgment was rendered for the foreclosure of the mortgages, and the mortgaged property was sold. It is that judgment and sale cancellation of which is sought in this action.

In support of the allegations of plaintiffs below upon the question of fraudulent inducement of the plaintiffs by the defendants not to prosecute their defense of the action in which there was rendered the judgment sought to be canceled, plaintiffs rely largely upon the testimony of the plaintiff Henry Lehr to the effect that T. H. Grennell, one of the defendants, and the principal officer of the Grennell Farm Loan Company and the Citizens' State Bank of Okeene, had stated to the said Lehr that the interests of the said bank and loan company and plaintiffs, in the case in which such judgment was rendered, were the same, and that the said bank and loan company would take care of the interests of plaintiffs in that cause; that the said Grennell took Lehr to the attorney for the bank and loan company in the former cause, and, by reason of confidential relations existing between Lehr and Grennell, and by false representations as to the identity of interests, induced the said Lehr to leave the defense of the Lehrs in the former action to the attorney for the bank and loan company; that, having so left their interests in the hands of the attorney for the bank and loan company, the Lehrs made no defense to the former action, and that the bank and loan company, upon an answer fraudulently obtained by such attorney from Mrs. Lehr, and which she signed unwittingly and without the benefit of fair counsel, in the absence of other defense by the Lehrs, procured the judgment sought to be canceled. This testimony was refuted by the testimony of Grennell, the attorney in question, and the persons who witnessed the execution of the pleading by Mrs. Grennell, at least one of whom was disinterested, and the general circumstances adduced by the testimony tended to support the evidence of defendants upon this point. These witnesses were before the lower court, who had the opportunity to observe them, and who probably knew the persons testifying, and the finding of the lower court was in favor of the testimony of the defendants in error upon this point. The weight of the evidence, aside from the credibility of the witnesses, is undoubtedly with defendants in error upon this question, and, as to the credibility of the witnesses, the lower court was in better position to act than this court is.

Plaintiffs alleged that they did not learn of the judgment against them in the Bank of Ames case until some time after it was rendered; that they learned that an order of sale had been issued for the sale of their property under the decree of foreclosure; that plaintiff Henry Lehr went to see the said T. H. Grennell to find out why judgment had been taken against them, and what was meant by the order of sale; that Grennell told him (Lehr) that it was necessary to take the judgment and to sell the property under the foreclosure, and for the bank or himself to buy the property in, in order to defeat the judgment lien of the Bank of Ames upon the real property involved; that after the property should be sold under the judgment and bought in by the bank or himself, it would be deeded back to Mrs. Lehr, clear of the judgment lien of the Bank of Ames. Plaintiffs further claim that at the time of this understanding with Grennell, and at the time of the foreclosure sale, the judgment against plaintiffs, under which the foreclosure sale was being had, had been fully paid and satisfied; that plaintiffs waived their objections to the judgment and to the foreclosure, regardless of the fact that the judgment had been paid, as an acquiescence in the proposal of Grennell to conclude the foreclosure proceedings for the purpose of getting the land back into the name of Mrs. Lehr, free of the

judgment lien of the Bank of Ames. The evidence that the judgment had been satisfied was controverted; but, if this contention of plaintiffs is conceded to be true, then this court would not be justified in interfering with the judgment of the lower court in this case, for the reason that plaintiffs did not come into court in this cause with clean hands. The procuring of the sale, confirmation thereof, and sheriff's deed, for the purpose of satisfying a judgment which had already been satisfied, would have been a fraud upon the court and upon the Bank of Ames; and, if the Lehrs agreed to, or acquiesced in, any such plan, and the execution of this plan resulted in the loss of their property by reason of the failure of the other party to stand by his fraudulent agreement, they should not be heard to complain in equity. Under the testimony of Lehr himself, he learned of the judgment in the Bank of Ames case prior to the foreclosure sale, and acquiesced therein, and agreed to the foreclosure sale, for the purpose of the accomplishment of fraud upon another; and equity will not now hear him say that the judgment had been satisfied.

Plaintiffs contended that they were entitled to much larger credits upon the mortgage indebtedness, which was the subject-matter of the judgment in the Bank of Ames case, than they were allowed by the judgment in that case, setting up this contention in support of their allegations of fraud in the obtaining of that judgment. The principal testimony upon this point and upon the supporting allegation that the judgment was paid before the foreclosure sale was given by the plaintiff Henry Lehr and by his son, Henry Lehr, Jr. Their testimony covered transactions with the Citizens' State Bank and Grennell running through the course of a long term of years. They kept no books, but attempted to give from memory a list of numerous sums of money obtained from the bank through the course of a number of years, and of a great number of sums of money paid by them to the bank during such time. This class of testimony was necessarily vague and uncertain, and upon cross-examination the Lehrs were brought to admit various inaccuracies in their statements from memory. For instance, there was testimony by them of one payment of $800 to the bank during the year 1909, in which testimony it was conclusively shown by other evidence that they were either mistaken or misrepresented the facts. As against this class of evidence. the books of original entry of the bank and loan company were in evidence, and the testimony on the part of the defendants, supported by these books, was definite and certain and of such character

that some definite conclusion might be drawn from it.

As hereinabove stated, after a careful reading and consideration of the evidence, we arrive at the conclusion that the judgment and decree of the lower court is fully sustained by the weight of the evidence.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.