## BOARD OF COM'RS OF CRAIG COUNTY v. GERMO MFG. CO.

No. 8399—Opinion Filed Dec. 10, 1918.

(176 Pac. 902.)

(Syllabus.)

**Counties—Creation of Indebtedness—Consent of County Commissioners.**

Record examined, and held that it does not appear that the sheriff is empowered by law to enter into the contract or create the indebedness sued upon without the consent of the board of county commissioners.

Error from District Court, Craig County; Geo. C. Crump, Assigned Judge.

Action by the Germo Manufacturing Company against the Board of County Commissioners of the County of Craig, State of Oklahoma. Judgment for plaintiff, and defendant brings error. Reversed, and remanded, with directions.

Willard H. Voyles, for plaintiff in error.

S. F. Parks, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of recovering the purchase price of 60 gallons of Germo which was sold by the plaintiff to the sheriff of Craig county.

After the plaintiff had introduced its evidence, the defendant interposed a demurrer thereto, which demurrer was overruled and, the defendant electing to stand upon its demurrer, judgment was rendered in favor of the plaintiff for the amount prayed for, to reverse which this proceeding in error was commenced.

It appears that the contract for the sale of the Germo was made directly with the sheriff, without being authorized by the board of county commissioners, and it is the contention of the plaintiff in error that, inasmuch as the sheriff is not empowered by law to order, buy, or contract upon the credit of the county without being authorized to

do so by the board of county commissioners, the contract sued upon is void, and the demurrer to the evidence should have been sustained. We think this contention is well taken.

Counsel for defendant set out in their brief the various statutes of the state which they say grant the board of county commissioners exclusive power to enter into the contract and create the indebtedness sued upon. Without setting these statutes out at length in this opinion, it is sufficient to say of them that they clearly constitute the board of county commissioners the representative and guardian of the county and confer upon it exclusive power to manage and control its financial interests and original and exclusive jurisdiction over all matters pertaining to county affairs. Kingfisher County v. Graham, 40 Okla. 571, 139 Pac. 1149.

In Commissioners, etc., v. Stoddard, 13 Kan. 208, the district judge directed the sheriff to buy certain matting for the courtroom. The sheriff bought the same from one Stoddard without authorization from the board of county commissioners. The board of county commissioners disallowed the claim, and the claimant appealed to the district court, where judgment was given in his favor. On appeal to the Supreme Court the judgment of the district court was reversed, the court holding that:

"Neither the district court nor the sheriff, nor both together, have power, without the consent of the county commissioners to contract for the county, or to create an indebtedness against the county for cocoa matting placed or to be placed upon the floor of the courtroom. The county commissioners alone possess such power, and they alone can create such indebtedness."

The general rule as above stated is not denied by counsel for plaintiff, but they call attention to certain sections of the statutes and certain rules of court which they say confer power upon the sheriff to bind the county by contract under certain circumstances. Even if the sections of the statute and rules referred to by counsel may be said to have the effect claimed for them in particular cases, still there is nothing in the record before us which shows that the contract herein belongs to the excepted class.

For the reasons stated, the judgment of the court is reversed, and the case remanded, with directions to proceed in accordance with the view herein expressed.

All the Justices concur.