## BOARD OF COM'RS OF ATOKA COUNTY v. TAYLOR.

No 14183—Opinion Filed May 22, 1923.

(Syllabus.)

1. Counties — Actions—County Commissioners' Control of Litigation.

In an action where a county of this state is a party, the county commissioners are vested with exclusive authority to control the proceedings in so far as they affect the interest of the county.

2. Same—Appeal by County Attorney Without Consent of Commissioners.

The county attorney is unauthorized to prosecute an appeal from a judgment rendered against a county without the consent of the board of county commissioners.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by M. R. H. Taylor, Jr., against the Board of County Commissioners of Atoka County to recover a money judgment upon a contract for road construction work. Judgment for plaintiff. The County Attorney of Atoka County prosecutes the appeal on behalf of the Board of County Commissioners without the consent of the board. Motion to dismiss the appeal sustained.

I. O. Correll, County Attorney, G. F. Short, Atty. Gen., and C. W. King, Asst. Atty. Gen., for plaintiff in error.

J. G. Ralls, for defendant in error.

KENNAMER, J. M. R. H. Taylor, Jr., plaintiff, commenced this action in the district court of Atoka county against Atoka county, Okla., a municipal corporation defendant, to recover the sum of $36,383 94, upon a contract entered into between the plaintiff and defendant for the construction of roads in said county.

In a trial of the cause on the 20th day of March, 1923, judgment was rendered against the board of county commissioners of Atoka county in favor of the plaintiff in the sum of $33,919. The county attorney of Atoka county filed a motion for a new trial in said cause, which motion was by the board of county commissioners withdrawn. The county attorney has filed a petition in error and appealed the cause over the objections of the board of county commissioners of said county, as shown by certified copy of a resolution adopted by the board of county commissioners on the 2nd day of April, 1923. The board of county commissioners, plaintiff in error, has filed a motion to dismiss the appeal.

Upon the authority of Rice et al. v. Swartz et al., No. 14090, in which an opinion this day has been filed, 90 Okla. 16, 215 Pac. 605, and the cases of Board of Com'rs of Craig County v. Germo Mfg. Co., 71 Oklahoma, 176 Pac. 902, Sequoyah County v. Helms, 40 Okla. 565, 139 Pac. 958, and Kingfisher County v. Graham, 40 Okla. 571, 139 Pac. 1149, the motion to dismiss the appeal will have to be sustained.

It is suggested that, if the county attorney is without power to prosecute an appeal against the county without the consent of the county commissioners, the taxpayers may be required to pay a judgment establishing an illegal claim against the county in cases where the county commissioners may act in collusion with parties seeking to reduce illegal claims to judgments. There is no merit in this contention. This court held, in the case of Ashton v. Board of Com'rs of Murray County et al., 45 Okla. 731, 147 Pac. 305, that a taxpayer may maintain a suit in equity to enjoin a collection in judgment rendered against a county where such judgment was obtained by fraudulent collusion between the judgment creditor, county attorney, and county commissioners. It is plain that a judgment rendered under such circumstances would be fraudulent and subject to attack in a proper suit in equity by an interested party, such as a taxpayer.

For the reasons given, the appeal is dismissed.

JOHNSON, C. J., and KANE, HARRISON, and MASON, JJ., concur.