### RICE et al. v. SWARTZ et al.

No. 14090—Opinion Filed May 22, 1923.

(Syllabus.)

**Counties—Appeal and Error—Authority of County Commissioners to Control Litigation.**

The board of county commissioners, being the general agents of the county and having the supervision and control of county affairs, being vested with the power to institute and defend civil actions in the name of the county and determine whether such actions should be appealed, held, that an appeal prosecuted by the county attorney to reverse an order of injunction enjoining the county from entering into a contract for the expenditure of county funds without the authority of the commissioners will be dismissed upon motion of the board of commissioners.

Error from District Court, Garvin County; G. M. Barrett, Judge.

Action by P. W. Swartz et al. against T. H. Rice, E. C. Parks, and E. I. Kimberlin, as County Commissioners of Garvin County, et al. for injunction. Order of injunction granted. County Attorney of Garvin County files appeal without authority of the Board of County Commissioners. Appeal dismissed.

Mac. Q. Williamson, Co. Atty., and Bowling & Farmer, for plaintiffs in error.

Blanton & Osborn, for defendants in error.

KENNAMER, J. P. W. Swartz et al., plaintiffs, instituted this action in the district court of Garvin county against T. H. Rice, E. C. Parks, and E. I. Kimberlin, county commissioners of Garvin county, L. Z. Ashurst, county clerk, and J. F. Myers, county treasurer, of said county, defendants, to enjoin the county commissioners from entering into a contract for the erection of a bridge acoss the Washita river near Pauls Valley.

On the 10th day of January, 1923, the court granted the plaintiffs an injunction enjoining the commissioners from entering into a contract for the erection of said bridge. Thereafter, on the 13th day of January, 1923, the county commissioners passed a resolution declining to prosecute an appeal from the judgment of the district court to the Supreme Court, and approving a plan for the repair of the old bridge instead of the erection of a new one, and ordered the repairs to be made at once. It appears from the record that the work of repairing the old bridge is now being performed. The reason of abandoning entering into contract for the construction of the new bridge is that the county was without sufficient funds to construct a new bridge.

The county attorney of Garvin county filed this appeal subsequent to the county commissioners having passed the resolution declining to authorize an appeal from the order of the injunction. The defendants in error, joined by E. C. Parks and E. I. Kimberlin, composing a majority of the county commissioners of Garvin county, plaintiffs in error, filed their motion on the 28th day of February, 1923, to dismiss the appeal. The ground of the motion is that the county commissioners, by resolution duly adopted, had declined to prosecute an appeal from the order granting the injunction. A copy of the resolution is attached as an exhibit to the motion to dismiss the appeal.

Section 5655, Comp. Stats. 1921, provides that the corporate powers of a county shall be exercised by its board of county commissioners. Section 5656 of said laws provides that all suits by or against the county shall be in the name of the board of county commissioners. The Legislature has vested exclusive power in the board of county commissioners to manage and control the financial interest of their respective counties. It also constituted the county commissioners the general agents of counties, with power to transact the business of the counties of this state. The expenditure of county funds can only legally be made by the authority of the board of county commissioners. The authority to expend funds for the erection of a bridge, under the applicable statutes, is vested exclusively with the county commissioners, and, in the instant case, the county commissioners having determined that they were satisfied with the judgment of the district court enjoining them from entering into the contract for the expenditure of the county's funds for the erection of a bridge and declining to prosecute an appeal from the judgment, the county attorney is unauthorized to prosecute the appeal without their authority. Sequoyah County v. Helms, 40 Okla. 565, 139 Pac.

958; Board of County Com'rs of Craig County v. Germo Mfg. Co., 71 Oklahoma, 176 Pac. 902.

It is argued by counsel that there is no statute authorizing the county commissioners to institute and defend civil actions in the name of the county and to determine when such actions should be appealed. It appears this contention is based upon the fact that section 1670, Comp. Stats. of 1909, was not brought forward in the Revised Laws of 1910, or Compiled Statutes of 1921. Section 1670, Comp. Laws 1909, was a special statute and provided:

"They (the board of county commissioners) shall have power to institute and prosecute civil actions in the name of the county, for and on behalf of the county."

It is our conclusion that the repeal of section 1670, Comp. Laws of 1909, in no way affects the general powers of the board of county commissioners.

Section 5653, Comp. Stats. 1921, provides that each organized county within the state shall be a body corporate and politic, and as such shall be empowered for the following purposes:

"First.    To sue and be sued. * * *

"Fourth.    To make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of corporate or administrative power."

Section 5655, supra, specifically provides that the corporate powers of the county shall be exercised by the board of county commissioners.

It is clear from a consideration of the applicable statutes that the responsibility and control of county affairs is intrusted to the board of county commissioners. In fact, the board of county commissioners constitutes the board of directors of the body corporate.

Section 5741, Comp. Stats. 1921, is relied upon as vesting the county attorney with authority to prosecute this appeal without the consent of the county commissioners. The section provides that it shall be the duty of the county attorney to appear in the several courts of his county and prosecute and defend, on behalf of the state or county, all actions or proceedings, civil or criminal, in which the state or county is interested as a party. It will be observed that this provision does not transfer the control of the business or finances of the county to the county attorney. He is a public official of the county and paid a salary by the

county, and this statute only prescribes his official duties. But the board of county commissioners of each county, being the general guardians of the financial interest of the county, has the control of all litigation in which the interests of the county are involved. Kirby v. Board of Com'rs of Clay County, 71 Kan. 683, 81 Pac. 503.

Section 5834, Comp. Stats. 1921, authorizes the county attorney to take an appeal to the district court from any decision of the board of the county commissioners where the county may be aggrieved by its decision. It is quite clear that the law affords an adequate remedy to the county attorney to protect the interests of the public in case of the illegal expenditure of the public funds of the county. The county commissioners, in the instant case, being satisfied with the judgment enjoining them from entering into the contract, we are unable to find any authority authorizing the county attorney to appeal for the county commissioners without their authority.

For the reasons given, the motion to dismiss the appeal is sustained, and the appeal is dismissed.

JOHNSON, C. J., and KANE, HARRISON, and MASON, JJ., concur.