**BOARD OF COM'RS OF BLAINE COUNTY v. FOSTER.**

No. 25909.    Oct. 30, 1934.

Ted R. Fisher, County Attorney, for plaintiff in error.

Twyford & Smith and Leo G. Mann, for defendant in error.

PER CURIAM. On the 5th day of January, 1928, the district court of Blaine county entered a judgment against the board of county commissioners of Blaine county in favor of W. C. Foster.

Thereafter, on the 21st day of June, 1933, after proper proceedings had been filed by the county attorney on behalf of the board of county commissioners to vacate the order and judgment formerly entered, the court refused to vacate the judgment entered. And from this order refusing to vacate and set aside the judgment against the board of county commissioners of Blaine county the board of county commissioners have appealed and filed herein petition in error with case-made attached under date of October 2, 1934.

On the same date the county attorney, acting for the board of county commissioners of Blaine county, filed an application for supersedeas bond, stating that they applied for a supersedeas bond to be fixed by the trial court, but that the trial court refused to fix a bond, and that unless the supersedeas of said order and judgment is granted, the appellant will be compelled to pay said judgment before the final deter-

mination of the validity of said judgment by this court.

The question as to whether or not the board of county commissioners is authorized to supersede a judgment from which it wishes to appeal is a new question in this state.

Section 7361, O. S. 1931, provides that a county may sue and be sued. Section 7364, O. S. 1931, provides that the suit shall be brought and defended in the name of the "Board of County Commissioners of the County of _____." Section 7366, O. S. 1931, is as follows:

"When a judgment shall be rendered against the board of commissioners of any county, or against any county officer in any action prosecuted by or against him in his official name, where the same should be paid by the county, no execution shall issue upon the said judgment, but a tax sufficient to pay same shall be levied and collected in like manner as other county taxes, and when collected shall be paid by the county treasurer on the delivery of a proper receipt and the signing of an acknowledgment on the court record of said judgment, by the party in whose favor the judgment was rendered or by his attorney of record, that same has been satisfied."

Section 514, O. S. 1931, provides:

"Whenever an action is filed in any of the courts in the state of Oklahoma by the state of Oklahoma or by direction of any department of the state of Oklahoma, no bond, including cost, replevin, attachment, garnishment, redelivery, injunction bonds, appeal bonds, or other obligations of security shall be required from the state of Oklahoma or from any party acting under the direction aforesaid. either to prosecute said suit, answer or appeal same. In case of an adverse decision, such costs as by law are taxable against the state of Oklahoma. or against the party acting by its direction, as aforesaid, shall be paid out of the contingent fund of the department under whose direction the proceedings were instituted."

There are only two other sections providing for appeals by the county in this state. They are section 5977, O. S. 1931, and section 5834, C. O. S. 1921, amended by chapter 43, Session Laws 1923. The first of the above sections provides that appeals from the judgment of the court on judgment rendered in any suit based on a contract expressed and described in that action may be taken by the county attorney with consent of the board of county commissioners of the county and without bond for costs and damages. The latter section provides that appeals may be taken from the decisions of the board of coun-

ty commissioners to the district court and provides for a bond. Many states have enacted general statutes. Texas has the following statute:

"Neither the state of Texas,. nor any county in the state of Texas nor the Railroad Commission of Texas, nor the head of any department of the state of Texas prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case." Vernon's Ann. Civ. St. art. 2276.

Except for the above-named statutes there is no expression either in our Constitution, in our statutes, or by judicial construction as to whether the county shall furnish a supersedeas bond to stay the collection of the judgment as provided in section 7366, O. S. 1931.

In this state it has been determined that the county has the right of appeal from a judgment rendered against it (Rice v. Swartz, 90 Okla. 16, 215 P. 605; Board of County Commissioners of Craig County v. Germo Mfg. Co., 71 Okla. 237, 176 P. 902; Sequoyah County v. Helms, 40 Okla. 565, 139 P. 958); and the direction and prosecution and defense of lawsuits, except where the statute specifically provides, is in the hands of the board of county commissioners under these sections.

In 7 R. C. L., sec. 40, p. 966, that text states:

"Just as the power of a county to sue is controlled by the state Legislature, so also the right to sue the county is limited to those cases wherein the Legislature has ordained that the county shall be liable. This limitation is founded upon the theory that, as there is no remedy against the state unless by its own consent, there may be none against the county, which forms an integral part of the state."

In section 41, p. 967, of the same work it is stated:

"While under the common law derived from an immemorial usage, a rule has prevailed in certain of the New England states to the effect that the estate of any inhabitant of a county is liable to be taken on execution on a·judgment against the county, in general, however, in the absence of statute, no execution lies against the property of an inhabitant of the county or against the county itself. The mere authorization of suit against a county does not imply, necessarily, a means of enforcement of a judgment therein obtained."

In section 24, at page 949. of the same work. under the title of "Exemption for

Liens, Executions and Garnishments," it is stated:

"Likewise a county does not possess property liable to execution in the same sense that an individual possesses it, since levying upon and selling the properties or revenues of a county, or removing them, may cause irreparable injury to its inhabitants. Moreover, a county as one of the political divisions of a state, embodying in a sense its sovereignty, is not bound by general words in a statute, as for example an enumeration of property exempt from execution, or by any statute restrictive of a private right, title, or interest, unless it is expressly named therein. While the authorties upon the subject are not entirely uniform, still the overwhelming weight of authority is in favor of the proposition that counties are not subject to garnishment. Of course the Legislature may make the county liable to such a proceeding, but the intention of the Legislature to do so will not be inferred from the fact that it has authorized the county to be sued."

It will be seen, therefore, that the rule of sovereignty and limited liability of a county arose very early in the United States, and that with the exception of the common-law rule which was applied in England and adopted in some of the New England states there is no general liability under the right of execution under judgments against counties, and unless the state, through legislative enactment, has so provided, there is no remedy to enforce the collection of a judgment against a county.

This state has seen fit to provide specifically and say how a judgment shall be collected. Section 7366, O. S. 1931.

At page 962, 7 R. C. L., section 35, the statement is made as follows:

"While in some states it is provided by statute that a suit may be maintained against a county by which the demand may pass into judgment, it is seldom, if ever, that a remedy is given by execution. It is well understood that a county cannot be coerced into making payment and the warrant holder, although he may sue upon his warrant, and obtain judgment against the county, which would entitle him to another order or warrant in lieu of the judgment, must, nevertheless, abide his time, and await the accumulation of funds whereby to discharge the obligation in accordance with his implied agreement. When the judgment is rendered, it becomes the duty of the commissioners to apply such funds in the treasury of the county to its payment as are not otherwise appropriated, or if there are no funds, and they possess the requisite power to levy a tax for that purpose, and if they fail or refuse to apply the funds, or to exercise the necessary power, the creditor may resort to a writ of mandamus."

It is quite generally known as an undisputed rule of law that where the officers fail to make the proper levy under the provisions of law the remedy is by mandamus against the board to make the levy, and our court has consistently held that to be the method of collection of a judgment under section 7366, supra. Since, then, the county has a right to defend the same to the final conclusion in the Supreme Court, is it necessary to supersede a judgment or to give bond to stay the proceedings or collection of same under section 7366? We think not.

In the case of Cherokee County Publishing Co. v. Cherokee County, 48 Okla. 722, 151 P. 187, this court considered the question of appeal under section 1640 of Rev. Laws 1910 (5834, C. O. S. 1921), in which the citizens under that section of the statute elected to appeal from the decision of the board of county commissioners to the district court, and on appeal to this court the Cherokee County Publishing Company moved to dismiss for the reason that the county had not furnished a bond under the provisions of that section. Therein the court said:

"It will be noticed the section provides that bond shall be filed with one or more sureties, that it shall be executed to the county, and may be sued on in the name of the county. It will hardly be contended that it was intended that the county should be required to give security in such insignificant matters as appeal bonds or cost bonds, or that the county would be required to do the ridiculous act of executing a bond to itself, or, what would be more ridiculous, bring a suit 'in the name of itself, against itself,' all of which is provided for in the statute, under the construction contended for by counsel for plaintiff in error. Such never was the intention of the Legislature, and therefore it is not necessary for a county to enter into an appeal bond in order to appeal a case from the action of the board of county commissioners."

By analogy of the statement made by the court in the case of Cherokee County Publishing Co. v. Cherokee County, supra, since no execution can issue on the judgment and since our statutes provide that no appeal shall operate "to stay the issuing of an execution" unless a supersedeas bond is given, the question arises, what benefit could be derived by the giving of supersedeas bond. Since the county has the right of appeal according to the cases cited above,

the judgment upon which a levy can be made under section 7366 must be a final judgment.

We find no statutory authority authorizing or permitting the execution of a supersedeas bond on appeal from judgments against the county, and therefore hold that the county, through the board of county commissioners or proper officials designated by statute, have the right of appeal to the Supreme Court from a judgment from an inferior court, and that pending said appeal no final judgment is effective so that it may be collected under the provisions of section 7366 until final disposition of the cause.

The motion to furnish supersedeas bond is therefore denied, with directions to the trial court to take such steps as are necessary in accordance with the provisions of this opinion.