## LEEPER et al. v. STATE ex rel. WATERS et al.

No. 23557.   March 26, 1935.

Joseph R. Brown, James B. McDonough, A. F. Smith, and F. H. Moore, for plaintiffs in error.

Pete Helton and W. A. Scofield, for defendants in error.

GIBSON, J. This action was commenced in the district court of Adair county by the state of Oklahoma on the relation of C. W. Waters, J. T. Patterson, and Ray Blakemore, being the board of county commissioners of Adair county, and also on the relation of John H. Leeper, W. Southworth, C. E. Anderson, W. L. Phipps, W. B. Hubbard, and A. E. Stephens, and also on the relation of the Kansas City Southern Railway Company, as plaintiffs, against Amy B. Walls and the Federal Surety Company, a corporation, defendants. It is alleged in plaintiffs' petition that the relators John H. Leeper, W. Southworth, C. E. Anderson, W. L. Phipps, W. H. Hubbard, and A. E. Stephens are citizens, residents, and taxpayers of Adair county, and that the relator the Kansas City Southern Railway Company is a railroad corporation organized under the laws of the state of Missouri, and that it owns and operates a line of railroad in said county. The defendant Amy B. Walls was the county treasurer of Adair county, and the defendant the Federal Surety Company was the surety upon her official bond.

The plaintiffs sought by their action to recover from the defendants the sum of $5,-302.01, which sum, it was alleged, had been illegally expended by the defendant county treasurer, in that she had invested moneys of the sinking fund of Adair county in certain illegal and void judgments, which judgments aggregated the amount sued for by plaintiffs. Plaintiffs further alleged that after the pretended investments were made by the county treasurer, the judgments purchased by her were adjudged void by the Court of Tax Review of the state of Oklahoma.

The defendants filed their motion to strike the names of John H. Leeper, W. Southworth, C. E. Anderson, W. L. Phipps, W. B. Hubbard, A. E. Stephens, and the Kansas City Southern Railway Company as parties plaintiff, and assigned various reasons therefor, which, however, present but one question, i. e., whether or not plaintiffs in error were properly joined as parties plaintiff. The motion was sustained by the trial court, and from that order the plaintiffs in error have appealed.

This is an action against the county treasurer and the surety upon her official bond, and alleges a breach of official duty by the treasurer amounting to a breach of a condition of her official bond. Such an action has been held by this court not to be one for the penalties prescribed in section 5965, O. S. 1931, wherein it is provided that upon the failure or refusal of a county officer to file and diligently prosecute an action against a delinquent official, the taxpayer, upon certain named conditions, may prosecute an action against the delinquent official for the recovery of double the amount of public funds illegally or fraudulently disbursed by the delinquent official, one-half of any recovery thereunder going to the taxpayer who institutes the action. National Surety Co. v. State, for Use and Benefit of Board of Commissioners of Comanche County, et al., 111 Okla. 180, 239 P. 257; National Surety Co. v. State ex rel. Richards et al., 111 Okla. 185, 239 P. 262; State, for Use of Board of Commissioners of Osage County, v. McCurdy et al., 115 Okla. 111, 241 P. 816.

Section 7363, O. S. 1931, provides that the corporate powers of a county shall be exercised by its board of county commissioners.

Section 7364 of said laws provides that all suits by or against the county shall be in the name of the board of county commissioners.

Concerning suits against delinquent officers, section 7686, O. S. 1931, provides:

"If any person thus chargeable shall neglect or refuse to render true accounts or settle as aforesaid, the county commissioners shall adjust the accounts of said delinquent according to the best information they can obtain, and ascertain the balance due the county, and order suit to be brought in the name of the county therefor. * * *"

The quoted statute was construed in the case of Kingfisher County v. Graham, 40 Okla. 571-579, 139 P. 1149, wherein it was said:

"The Oklahoma Legislature has constituted the board of county commissioners the general agents of the county. They have general supervision and control of county affairs. The sole and exclusive power to commence a suit against a delinquent officer under section 1697, Comp. Laws 1909 (section 1647, Rev. Laws 1910), is vested in the board of county commissioners. * * *"

And in the case of Board of Commissioners of Atoka County v. Taylor, 90 Okla. 15, 215 P. 606, this court said:

"In an action where a county in this state is a party, the county commissioners are vested with the exclusive authority to control the proceedings in so far as they affect the interest of the county."

See, also, Rice et al. v. Swartz et al., 90 Okla. 16, 215 P. 605.

In the instant case the board of county commissioners exercised its power and performed its statutory duty by instituting the suit against the alleged delinquent officer and the surety upon her official bond. The real party in interest is Adair county. It is true that plaintiffs in error have an interest in the litigation by reason of their being taxpayers of Adair county, but their interest does not differ in any wise from the interest of other taxpayers of that county, all of whom are represented in this action by the board of county commissioners. Resident taxpayers are authorized to maintain an action against a delinquent official under section 5965, O. S. 1931, only in the event the officers whose duty it is to institute such action fail or refuse to file and prosecute the action. When, as in the instant case, the officers are doing their duty and are prosecuting the action, there is no statutory authority for individual taxpayers either to maintain an independent action against the delinquent official or to be joined as parties plaintiff with the board of county commissioners in the prosecution of such an action.

We have examined the cases of Threadgill et al. v. Peterson et al., 95 Okla. 187, 219 P. 389, and Wood v. Phillips, Trustee, et al., 95 Okla. 255, 219 P. 646, upon which plaintiffs in error rely as authority for being joined as parties plaintiff in this action. Neither case is in point. In the case of Threadgill et al. v. Peterson et al., supra, the officers of the municipality who were defendants in the cause did not defend the action, but, on the other hand, filed their answer admitting the allegations of plaintiffs' petition, and in fact confessed judgment. In the case of Wood et al. v. Phillips, Trustee, et al., supra, the defendant, board of county commissioners, did not defend the action in good faith, but, on the other hand, in the trial of the cause each member of the board of county commissioners testified for the plaintiff in support of his claim. It was held that the failure of the officers to file proper pleadings and make a defense in good faith against the

plaintiffs' claim constituted a fraud upon the county and its taxpayers, and that taxpayers of a county or one of its municipal subdivisions should be permitted to be made parties defendant and defend the action.

No such conditions exist in the instant case. The board of county commissioners of Adair county was one of the parties plaintiff, and in so far as the record discloses was prosecuting the action against the defendants diligently and in good faith.

We hold that the plaintiffs in error were neither necessary nor proper parties plaintiff, and the trial court committed no error in sustaining defendants' motion to strike their names as parties plaintiff. Judgment of trial court is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.