## EXCISE BOARD OF LE FLORE COUNTY et al. v. LOWDEN et al.

No. 25705.  June 25, 1935.

Rehearing Denied July 16, 1935.

A. G. Windham, Co. Atty., White & White, and Varner & Varner, for plaintiffs in error.

Bleakmore, Barry, Farmer & Lee, for defendants in error.

RILEY, J. This is an appeal from a decision of the Court of Tax Review sustaining protests against certain tax levies in Le Flore county for the fiscal year ending June 30, 1934.

Levies were made for said fiscal year to provide funds for the payment of one-third of each of five judgments theretofore obtained against the county. Three of the judgments were the same as those involved in the case of Excise Bd. v. K. C. So. Ry. Co., 173 Okla. 238, 47 P. (2d) 580. The judgments therein involved were in causes 7923, 8151, and 7956, in the district court.

These levies for the fiscal year ending June 30, 1933, were involved. Therein, as to cases Nos. 7923 and 8151, the levies made for the payment of judgments obtained upon county warrants for free fair. were upheld. We deem it unnecessary again to review this question.

Cause No. 7956 involved a judgment against the county in favor of the American Oil & Gas Company for gas furnished

for heating the courthouse, etc. In cause No. 24698, supra, we held the judgment void on its face, and, therefore, subject to collateral attack in the Court of Tax Review. Under the rule there announced, the judgment of the Court of Tax Review as to said levy should be affirmed.

Two other judgments were rendered against the county. One is No. 8410, in the district court, Central Nat. Bank of Poteau v. Board of Co. Com'rs, the other No. 8451, in the district court, Germo Mfg. Co. v. Board of Co. Com'rs of Le Flore County. Both of said judgments were appealed and the appeals are now pending in this court. No supersedeas bonds were given and levies were sought to be made to pay said judgments. Defendants in error protested the levies, the protests were sustained, and the appeal in this case is by the excise board.

Counsel for plaintiffs in error say in their brief that they searched diligently, but could find no statute providing that a county may appeal and supersede a judgment without giving a supersedeas bond.

The question is decided in Board of Co. Com'rs of Blaine County v. Foster, 169 Okla. 384, 37 P. (2d) 306. It is there held that such appeal stays proceedings to collect the judgment by a levy of taxes for that purpose until it has been finally determined in this court, and that no supersedeas bond is required or authorized.

The point is made, however, that the appeals are in fact taken by intervening taxpayers who were permitted to intervene and defend the actions in their own behalf, and in behalf of all taxpayers similarly situated, and that in such case they should be required to give a supersedeas bond in order to stay proceedings for the collection of the judgments by tax levy for that purpose.

The judgments, however, are against the county. The interveners were permitted to defend for the benefit of the county as well as themselves. They are carrying on the litigation at their own expense and are apparently doing gratuitously that which the county should do. There is no contention here that they were wrongfully permitted to intervene, nor that the appeals are not being prosecuted in good faith for the real benefit of the county. In such case no tax levy should be made pending final disposition of the appeals.

The judgment of the Court of Tax Review as to the levies involved in causes No. 7923 and 8151 in the district court is re-versed. The judgment as to the levies for causes Nos. 7956, 8410, and 8451 in the district court are affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, and GIBSON, JJ., concur.