CHECOTE v. BERRYHILL *et al.*

No. 4624. Opinion Filed July 6, 1915.

(150 Pac. 679.)

**APPEAL AND ERROR—Decree in Equity—Evidence.** Where the plaintiff in error appeals from a decree in equity on the question of the weight of the evidence, this court will not weigh the evidence and remand the case, unless it is clearly shown that the

trial court failed to consider uncontroverted evidence, or that the finding and decree are clearly against the weight of the evidence.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by Jeanetta Berryhill against Addie Nero, *nee* Grayson, and others. Judgment for plaintiff, and defendant Samuel J. Checote brings error. Affirmed.

*H. E. P. Stanford* and *Almond D. Cochran,* for plaintiff in error.

*R. T. Potter* and *M. A. Holcomb,* for defendants in error.

Opinion by RITTENHOUSE, C. This action was instituted by Jeanetta Berryhill to quiet title to the S. E. ¼ of section 36, township 14 north, range 13 east, which was the allotment of Colbert Grayson, a full-blood citizen of the Creek Nation, who died in August, 1899 or 1900, leaving surviving him Jeanetta Berryhill, a sister, and no other brothers or sisters, nor father or mother. It is alleged that Jeff Simmons is the son of Mary Grayson, a sister of Colbert Grayson, deceased; and that defendant Addie Nero was in her lifetime a half-blood citizen of the Creek Nation, having been enrolled under the name of Adeline Grayson; that during the lifetime of said Addie Nero she made and executed to the defendant Samuel J. Checote the deed purporting to convey her interest in the land in controversy as the acknowledged wife of Colbert Grayson. It is stipulated that the laws of the Creek Nation provide that the lawful or acknowledged wife of a deceased husband shall be entitled to one-half of the estate if there are no children, and to a child's part if there should be children, in all cases where there is no will. The husband

surviving shall inherit of the deceased wife in like manner; and, under a subsequent section of said Creek laws, it is provided that where a husband dies leaving a wife, but no children, the wife inherits one-half and the nearest of the kin one-half, and *vica versa;* and in case there is no wife or husband, the entire estate goes to the nearest of kin. The court found that Jeanetta Berryhill was the nearest of kin of Colbert Grayson, and also found that Addie Nero, *nee* Grayson, was not the lawful or acknowledged wife of Colbert Grayson, deceased.

The plaintiff in error admits that his right of action depends solely on a question of fact, and that question is: "Was Addie Nero, *nee* Grayson, the lawful or acknowledged wife of Colbert Grayson at the time of his death?" We are asked to weigh the evidence on this question, under the rule laid down in the case of *Shock v. Fish*, 45 Okla. 12, 144 Pac. 584, wherein it was held that in equity proceedings, where it is clearly shown that the court failed to consider uncontroverted evidence, or that the finding and decree are clearly against the weight of the evidence, this court may consider the entire record, weigh the evidence, and render such judgment as the trial court should have rendered; but this court will not weigh the evidence in every equitable proceeding brought to this court, but will only do so where it is clearly shown that the court failed to consider uncontroverted evidence, or that the finding and decree are clearly against the weight of evidence. We have examined the entire record in this case, which pertains to the question as to whether Addie Nero, *nee* Grayson, was the lawful or acknowledged wife of Colbert Grayson, deceased, and have come to the conclusion that the plaintiff in error has failed to show that the trial court did not consider the uncontroverted evidence, and

has failed to show that the finding and decree are clearly against the weight of the evidence, and until such a showing is made, this court will refuse to disturb the finding and decree of the trial court in equitable proceedings.

The cause should, therefore, be affirmed.

By the Court: It is so ordered.