## REYNOLDS v. FIRST INV. CO. et al.

No. 25978. Jan. 28, 1936.

Rehearing Denied April 21, 1936.

Cunningham, Walker, Leach & Cunningham, and Bleakmore & Barry, for plaintiff in error.

Rowland & Talbott, for defendants in error.

CORN, J. The parties will be referred to as they appeared in the trial court, reverse to the order here.

This is an action brought by the plaintiffs for foreclosure of a real estate mortgage against the defendants. Vera H. Reynolds is the only defendant who resists foreclosure, and a part of her amended answer is as follows:

"This defendant further alleges that she signed the notes and mortgage referred to in plaintiffs' petition, copies of which are attached to plaintiffs' petition; and further alleges that said notes and mortgage were and are not valid and binding obligations, nor are any of them valid or binding obligations, for the reason that they and each of them were signed by this answering defendant without consideration, and under duress and coercion and by reason of threats and fraudulent representations on the part of the plaintiffs and each of them; that the sole and only consideration, purpose and object of the signing of said notes and mortgage, and each of them, was to prevent the criminal prosecution of the defendant, W. D. Reynolds, the husband of this defendant; that said notes and mortgage and each of them were signed by this defendant at the same time and as a part and parcel of the same transaction, and were signed by this defendant through duress, coercion and undue influence; that the plaintiffs made the fake and fraudulent representation and statement to this defendant, that her husband, W. D. Reynolds, was indebted to each of the plaintiffs in large amounts, which were unsecured, and that her said husband, W. D. Reynolds, had committed a felony, and was liable to prosecution therefor, and that they would prosecute and cause to be prosecuted her said husband, W. D. Reynolds, for said alleged felony unless this defendant signed the said notes and mortgage as collateral to secure the alleged in-

debtedness of said W. D. Reynolds to plaintiffs, and each of them at the time knew that said charges, statements, and representations that her said husband, W. D. Reynolds, had committed a felony, and that his said indebtedness was unsecured, was false and untrue; and said charges, statements, representations and threats of arrest were falsely and fraudulently made in order to obtain by duress and coercion, the signature of this defendant, Vera H. Reynolds, to said notes and mortgage sued on and sought to be foreclosed in this action.

"This defendant further alleges that she believed said charges, representations, and statements to be true, and that plaintiffs would carry out their threat to arrest and prosecute her husband, W. D. Reynolds, unless she signed said notes and mortgage, and believing that her husband, W. D. Reynolds, was in danger of prosecution, if she did not sign said notes and mortgage, and being desirous of preventing such prosecution, this defendant signed said notes and mortgage for the sole purpose of preventing plaintiffs from prosecuting and causing to be prosecuted her husband, W. D. Reynolds; that said consideration for said notes and mortgage, and the purpose and object thereof was against public policy and void.

"This defendant further alleges that if in truth and in fact her husband, W. D. Reynolds, had committed a felony as stated, and represented by plaintiffs, then the acts of the plaintiffs in attempting to consummate an agreement and procure the signature of this defendant, Vera H. Reynolds, to the notes and mortgage was an act which was void and against public policy, and an attempt to commit a felony. This defendant further alleges that the plaintiffs or either of them have suffered no loss or detriment, and this defendant, Vera H. Reynolds, secured and received no benefit or advantage by reason of said notes and mortgage.

. "This defendant, Vera H. Reynolds, further alleges that said fraudulent representations, statements, charges, and threats hereinbefore alleged, were made by Clay Smoot and John Phillips, who were at the time the agents and representatives of the plaintiffs and each of them, duly authorized to make said representations, statements, charges and threats, were likewise made by said Smoot and Phillips, agents and representatives as aforesaid, to said husband, W. D. Reynolds, and by him, at their direction, made to this answering defendant; that at said time Clay Smoot was president and director of plaintiff, First Investment Company, and John Phillips was an officer and director of the First National Bank of Bartlesville, Okla., and that said plaintiffs and each of them knew and were bound by the infirmities of said notes and mortgage.

"That the property mentioned and described in and secured by the mortgage sought to be foreclosed by the plaintiffs in this action was and is the property of this answering defendant, Vera H. Reynolds, and a part of it was and is her homestead, where she, at the time, ever since and now resides.

"This defendant, Vera H. Reynolds, further alleges that the notes and mortgage sued on by plaintiffs and which were signed by this defendant, under duress and coercion as above set out, were signed as collateral security to obligations or notes claimed by plaintiffs to be owed to them by W. D. Reynolds, a more definite and accurate description of which this answering defendant cannot give for the reason that she never saw said notes or evidences of obligations, if there were any, and the same if they ever existed, are in the hands of plaintiffs: this answering defendant is informed and believes, and therefore alleges the facts to be that plaintiffs have extended the time of payment of said last above mentioned notes and obligations, without the knowledge, consent or approval of this answering defendant. * * *"

The case by agreement was tried to the court and a general finding was made in favor of plaintiffs and judgment rendered accordingly.

A part of said judgment is as follows:

"* * * Thereupon the plaintiffs introduced their testimony and rested.

"The defendant, Vera H. Reynolds, moved the court for judgment and for an order dismissing the cause as to her and demurrer to the evidence. The motion and demurrer were by the court overruled, to which defendant, Vera H. Reynolds, excepted. The defendant, Vera H. Reynolds, thereupon introduced her testimony and rested. Whereupon, plaintiffs introduced testimony by way of rebuttal and rested. Thereupon the court took the case under advisement.

"Thereafter, on this 7th day of July, 1934, being a subsequent day of said May, 1934, term of said court, this matter comes on for final disposition upon the pleadings and the evidence introduced on June 5, 1934, as hereinbefore recited. The court finds the issues in favor of the plaintiffs and against the defendant, Vera H. Reynolds.

"The court finds that the defendant, Vera H. Reynolds, is the record owner of the land described in plaintiffs' mortgage and petition, and that on May 11, 1931, the defendants, Vera H. Reynolds and W. D. Reynolds, for a good and valuable consideration, executed and delivered to John G. Phillips, for the benefit of First Investment Company, their promissory note in writing for the sum of $32,000, due six months from date, with interest thereon from the date thereof

until paid at the rate of 6 per cent. per annum. That on November 12, 1931, interest was paid on said note to November 11, 1931, and on February 16, 1933, a payment of $2,-957.30 was made and indorsed on said note. That said note is past due and the balance thereof unpaid. That the said John G. Phillips, prior to the maturity of said note and for a valuable consideration, indorsed with recourse and delivered the same to the plaintiff, First Investment Company, a corporation, and that the First Investment Company is the owner and holder of said note, together with all of the rights and privileges incident thereto; that said note, among other things, provides that in case of legal proceedings to collect the same, or if after maturity it is handed to an attorney for collection, the makers agreed to pay 10 per cent. of the total amount additional as attorney's fees. The court further finds that there is due on said note from the makers thereof to said First Investment Company the sum of $31,469.37, with interest thereon at the rate of 6 per cent. per annum until paid, and the further sum of $3,146.96 as attorney's fees, together with costs of suit.

"The court further finds that at the same time and place to wit, on May 11, 1931, and as a part of the same transaction, the said defendants, Vera H. Reynolds and W. D. Reynolds, for a valuable consideration, executed and delivered to the said John G. Phillips, for the benefit of First National Bank of St. Louis, Mo., their written promissory note for the sum of $10,000, due six months after date, with interest thereon at the rate of 6 per cent. per annum from the date thereof; that before maturity thereof, for a good and valuable consideration, the said John G. Phillips indorsed, without recourse, and transferred said note to the First National Bank of St. Louis, Mo., and that the said plaintiff, First National Bank of St. Louis, Mo., is the owner and holder of said note; that said note was to be received by it as additional security for the payment of a note of said W. D. Reynolds in the sum of $25,000, held by said First National Bank of St. Louis, Mo., which said note of $25,000 and the indebtedness represented thereby, together with interest thereon is past due and unpaid to the extent of $21,031.28, on account of which the said First National Bank of St. Louis, Mo., is entitled to judgment upon said collateral note sued upon herein for the sum of $10,000, with interest thereon at the rate of 6 per cent. per annum from May 11, 1931, until paid. That said note further provides that if it should be necessary to hand the same to an attorney for the purpose of instituting suit, the makers would pay 10 per cent. of the total amount named therein as attorney's fees, and that there is now due to the plaintiff, First National Bank in St. Louis, Mo., on account

of said note, the sum of $10,000, with interest thereon at the rate of 6 per cent. per annum from May 11, 1931, and the further sum of $1,000 as attorney's fees and costs of this action.

"The court further finds that at the same time and place as the execution of the notes hereinbefore mentioned, and as a part of the same transaction the said defendants, Vera H. Reynolds and W. D. Reynolds, and for the purpose of securing the payment of said notes, made, executed and delivered to the defendant, John G. Phillips, their real estate mortgage in writing, mortgaging and conveying to the said John G. Phillips, for the joint benefit of the plaintiffs, the following described real estate, to wit:

"Tract No. 1: The south 50′ of lot 3, in block 28, of the original town, now city, of Bartlesville, Okla.

"Tract No. 2: Lots numbered 11 and 12, in block 5, Pemberton Heights addition to the city of Bartlesville, Okla.

"That said mortgage was duly executed and acknowledged according to law and was filed for record in the office of the county clerk of Washington county, Okla., on May 12, 1931, and duly recorded in vol. 106, page 23, and that said mortgage further provided that the same secured the payment of said notes and all renewals or extensions thereof, and that the mortgagors would pay all taxes or assessments of whatsoever character which might be assessed or levied against said premises or any part thereof, as the same became due and payable, and that in the default of the payment of said taxes as the same became due and payable, the mortgagee should be entitled to possession of said premises. It was further agreed in said mortgage that the mortgagor should pay, in the event of foreclosure thereof, as attorney's fees, the sum of 10 per cent. of the amount of said notes. That said mortgage was, as executed, expressly subject to any existing balance upon a certain first mortgage of $17,360, held by the defendant, Peoples Savings & Loan Association, with respect to tract No. 1 hereinabove described, and that the said John G. Phillips has duly and regularly assigned said mortgage to the plaintiffs as their interest may appear, and the plaintiffs are now jointly the owners and holders thereof."

The defendant in her brief states:

"There are but two controlling questions to be decided on this appeal: First, whether or not Mrs. Reynolds, the appellant, was induced to execute the mortgage to her property in favor of the appellees because of fraud, coercion and duress practiced upon her; and, second, whether or not the action of the bank in granting repeated extensions and renewals of the primary obligation of

Dana Reynolds operated to release Mrs. Reynolds from liability as surety."

John Phillips admits requesting and demanding action on the part of Vera Reynolds and Dana Reynolds. He denies that he ever threatened arrest. There is nothing in the record to corroborate the testimony of Vera Reynolds to the effect that she signed the notes and mortgage because of the alleged threats of John Phillips.

Certainly no one can say that the uncorroborated testimony of Vera Reynolds is sufficient to show conclusively that John Phillips was the sole cause of her executing these documents. The record, carefully examined, indicates clearly that Dana Reynolds was the first to broach the subject with her and that during this three months' period, he was doing what he could to get her around to the point where she would co-operate with him. The most that can be said is that the demands of John Phillips may have contributed to her decision.

During the three months that elapsed between the time John Phillips mentioned this matter to her and the actual signing of the notes and mortgage, Vera H. Reynolds had time for reflection and also had an opportunity to discuss the matter with members of her family, friends, or counsel. She certainly could not be said to be incompetent. It is not a case of some poor, aged, or ignorant person being imposed upon by a designing person of stronger will power and bent on mischief.

Vera H. Reynolds signed the notes May 11, 1931. She had three days to think the matter over before she received the check for $32,000. On the 14th day of May, she and her husband received that amount of money as an entirely new loan to them by the First Investment Company. She did nothing during the ensuing two years to indicate any dissatisfaction with the arrangement.

The execution of these instruments is admitted; therefore, any attack made upon them must be affirmatively sustained by the defendant. In other words, as now presented, this is really a suit by the defendant to cancel the notes and mortgage. Both parties to the appeal treat this as an equitable proceeding, and we will therefore so treat it. These defenses must be established by testimony which is cogent, convincing, and preponderating. Ft. Worth Lead & Zinc Co. v. Robinson, Ex'r, et al., 89 Okla. 221, 215 P. 205; Lee v. Ryder (Kan. App.) 41 P. 221.

In Lee v. Ryder, supra, it is held that where the plaintiff brings an action on a note and mortgage, and the defendant in answer thereto alleges that they were given without consideration and the execution thereof was procured by threats and intimidation, the burden of the proof to establish their invalidity is thrown on the defendant. The appellant, therefore, assumes the burden of showing that the findings of fact necessarily involved in the trial court's decision are clearly against the weight of the evidence.

In Jones et al. v. Mead et ux., 111 Okla. 16, 237 P. 445, it is held:

"In an equitable action, the presumption is in favor of the findings and judgment of the trial court, and same will not be set aside unless clearly against the weight of the evidence."

In Checote v. Berryhill, 48 Okla. 696 150 P. 679, this court held:

"* * * This court will not weigh the evidence in every equitable proceeding brought to this court, but will only do so where it is clearly shown that the court failed to consider uncontroverted evidence, or that the finding and decree are clearly against the weight of evidence, * * * and until such a showing is made, this court will refuse to disturb the finding and decree of the trial court in equitable proceedings."

In Rees v. Egan, 66 Okla. 20, 166 P. 1038, this court held:

"* * * We think that it is immaterial as to whether or not the findings of fact as made by the trial court are sufficient to support the judgment, provided the judgment is not clearly against the weight of the evidence. The action is one in equity brought to enforce a constructive trust. If it should appear to us upon an examination of the whole testimony in the case that the judgment of the trial court is not clearly against the weight of the evidence, the judgment will be sustained."

We have made a thorough examination of the record in this case and find there is no merit in the contention of the defendant that the extensions and renewals of the primary obligations of Dana Reynolds operated to release said defendant.

There is a conflict of the evidence in this case, but we do not feel it would serve any useful purpose to discuss the same, as we are bound to follow the long established rule of law that where such findings of the trial court are not clearly against the weight of the evidence, the judgment will be affirmed.

The judgment of the trial court is, therefore, affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and GIBSON, JJ., concur.