**Ralph A. ANGLIN and Carolyn Anglin, husband and wife, Plaintiffs in Error,**

**v.**

**EDWARDS AND GAUNTT OIL COMPANY, a corporation, Defendant in Error.**

**No. 40789.**

Supreme Court of Oklahoma.

Sept. 20, 1966.

Sid White, Oklahoma City, for plaintiffs in error.

Roger H. Swan, James L. Burton, of Smith, Leaming, Swan & Burton, Oklahoma City, for defendant in error.

PER CURIAM.

This action was commenced in the District Court of Oklahoma County by the filing of a petition on behalf of plaintiff, Edwards and Gauntt Oil Company, a corporation, against the defendants, Ralph A. Anglin and Carolyn Anglin, husband and wife, asking that judgment be granted upon a certain promissory note dated March 19, 1960, and seeking to foreclose a real estate mortgage executed on the same date and given as security for said note.

The parties will be referred to here as plaintiff and defendants as they appeared in the trial court.

At the trial of said cause it does not appear to have been disputed that plaintiff had a valid claim against the defendant, Ralph Anglin, in the sum of $5,383.87. Such claim arose out of the operation of a service station by the defendant, Ralph Anglin, for which business the plaintiff supplied certain oil and gasoline products to defendant for sale therein. The specific terms or conditions of the agreement under which the claim arose were not shown and the same were not considered by the parties to be material to the issues raised.

The fact of the execution of the note and mortgage by the defendants was not denied by the defendants in the pleadings filed in said cause. The defendant, Ralph A. Anglin, by separate answer alleged as a defense to the action that he was coerced into signing said note and mortgage by threats of the plaintiff to prosecute him upon a felony charge for embezzlement if he did not execute such instruments. Further that the execution of the same was "to compromise the felony" and therefore the same is wholly void. The defendant, Carolyn Anglin, in allegations contained in her separate answer alleged that threats were made that if she did not sign that her husband would be prosecuted for embezzlement and sent to the penitentiary. Further that the property described in the mortgage was the homestead of the defendants and that said note and mortgage were given to compound a felony and are wholly void.

The amount of the indebtedness was admitted at the trial to be correct and the execution of the promissory note and mortgage was not denied by the defendants. It therefore became incumbent upon defendants to assume the burden of going forward with the necessary proof to overcome the presumption created and to establish as a defense that the same were in fact executed as the result of the alleged duress and coercion exercised on these defendants.

The record shows that the parties waived a jury and the cause was tried to the court. The determination of the facts in the case therefore became the duty of the trial judge, acting as the trier of the facts, to be found and determined from the evidence offered. A careful examination of the evidence submitted in this cause by the parties shows the testimony of the different witnesses produced and examined to be in direct conflict and the same clearly cannot be reconciled.

The general facts outlined in the testimony of the witness Hal D. Leaming concerning the relationship of the parties do not appear to be in dispute. It appears that Ralph A. Anglin went into possession and operation of the service station in question sometime during the Fall of 1958. At that time the plaintiff commenced supplying him with the necessary products for sale in the business. Apparently the business relations between the parties were regular until some time in the Spring of 1959 when the defendants first failed to account or make payment to plaintiff for certain alleged funds. The later testimony sets the amount of initial shortage as approximately $2900 and disclosed that a substantial part of the same was paid at that time by the proceeds of a loan secured by defendants. Thereafter it appears that the company carried any unpaid balance as due but did continue to furnish the defendant with supplies for the operation of the business. It would appear that this continued until some time in March of 1960 at which time it was determined that the sum then owing had increased to the amount set out in the promissory note subsequently executed by the defendants.

The evidence indicates that after the execution of the instruments in question the defendants made regular monthly installments for a period of time which were applied to the indebtedness. The payments were commenced by defendants on the note in question on July 1, 1960, and continued each month until the payment which became due on January 1, 1961. Thereafter one

further payment was made by defendant apparently after a lapse of two or more months.

The evidence being in direct conflict we feel it would not serve any useful purpose to attempt to discuss the same in great detail. Briefly the defendants testified that Mr. Gauntt and Mr. Edwards, as officers of the plaintiff company, on different occasions advised them that the failure of Mr. Anglin to account for the money due the plaintiff corporation constituted a crime and made him liable to prosecution. Mrs. Anglin testified that except for one instance she did not see the officers of the plaintiff and her husband mentioned the threat to her at home. The defendant further produced Reverend Bert R. Strickland who testified that he had carried a purported message from Mr. Edwards asking the defendant, Ralph Anglin, to contact him and stating that the shortage was embezzlement for which defendant could be prosecuted.

The plaintiff called Mr. Edwards and Mr. Gauntt as rebuttal witnesses and each of the witnesses denied ever having made such statements accredited to them in the testimony by the defendants and by the defendant's witness, Reverend Strickland. That testimony of the plaintiff's witnesses was that they did not know defendants failure to pay was a crime under the law or what crime such acts might constitute. There was no evidence given to show that any of the parties ever sought expert advice as to whether such failure to pay would in fact constitute a crime. This appears to be the situation despite the fact some period of time apparently elapsed between the time payment was first demanded and the time the defendants executed the note and mortgage. On cross-examination Mrs. Anglin first indicated she did not remember but later stated that her husband did mention either at the time he took the station or when the earlier shortage arose, that a failure to keep his accounts straight could possibly result in embezzlement charges. However there is no indication she made any inquiry about it at that time or later

as she said she was working at the time and not around the station. She testified concerning a conversation with Mr. Gauntt on one occasion at the station when she alleged he had threatened prosecution of Mr. Anglin if the debt was not paid.

The evidence indicates the note and mortgage in question was ultimately executed by Ralph A. Anglin and Carolyn Anglin on March 19, 1960. The instruments were prepared and signed in the office of the attorney Hal D. Leaming at which time the defendants discussed the execution of the same with this attorney. The testimony reveals no mention of possible criminal violation was ever referred to at that time. The defendants went to the office for the purpose of executing the instruments and the attorney discussed the indebtedness with them concerning civil liability after which the instruments were signed. It does not appear from the evidence that the defendants sought advice concerning the validity of the mortgage either at the time of execution or in the period during which they made regular payments. It appears they never raised the question of the validity of this note and mortgage until after this suit for judgment and foreclosure was filed.

In this case the execution of the promissory note and mortgage is admitted by the defendants. It therefore became the duty of the defendants to establish clear and convincing evidence that defendants did in fact execute the instruments as a result of duress and coercion and under a threat of prosecution so as to render the same void. The trial court having seen and heard the witnesses the court held the defendants had not proven the defense herein alleged. We believe the rule set out in Reynolds v. First Investment Company, 176 Okl. 599, 56 P.2d 805, is applicable to the case at bar wherein the court held:

"The execution of these instruments is admitted, therefore, any attack made upon them must be affirmatively sustained by the defendant. In other words, as now presented, this is really a suit by

the defendant to cancel the notes and mortgage. Both parties to the appeal treat this as an equitable proceeding, and we will therefore so treat it. These defenses must be established by testimony which is cogent, convincing, and preponderating. Fort Worth Lead & Zinc Co. v. Robinson, Ex'r, et al., 89 Okl. 221, 215 P. 205; Lee v. Ryder, Kan.App. 293, 41 P. 221.

"In Lee v. Ryder, supra, it is held that where the plaintiff brings an action on a note and mortgage and the defendant in answer thereto alleges that they were given without consideration and the execution thereof was procured by threats and intimidation, the burden of the proof to establish their invalidity is thrown on the defendant. The appellant, therefore, assumes the burden of showing that the findings of fact necessarily involved in the trial court's decision are clearly against the weight of the evidence.

"In Jones et al. v. Mead et ux., 111 Okl. 16, 237 P. 445, it is held: ' In an equitable action, the presumption is in favor of the findings and judgment of the trial court, and same will not be set aside, unless clearly against the weight of the evidence.' "

See also Checote v. Berryhill, 48 Okl. 696, 150 P. 679, and Rees v. Egan, 66 Okl. 20, 166 P. 1038.

It is a long established rule of law in an equitable action that there is a presumption in favor of the findings of the trial court, and where such findings of the trial court are not clearly against the weight of the evidence, the judgment will be affirmed.

The judgment of the trial court is, therefore, affirmed.

The court acknowledges the services of Calvert L. Cannon, who with the aid and counsel of Austin R. Deaton and Wayne H. Lewis, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to DAVISON, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.